**UNITED STATES of America**

**v.**

**Adrian V. PRICE, Appellant.**

**No. 91–3335.**

United States Court of Appeals, District of Columbia Circuit.

Argued March 8, 1993.

Decided April 23, 1993.

---

16. *See* Thomas O. McGarity, *Some Thoughts on "Deossifying" the Rulemaking Process*, 1992 DUKE L.J. 1385, 1453.

Beth S. Brinkmann, Asst. Federal Public Defender, with whom A.J. Kramer, Federal Public Defender, and Penny Marshall, Asst. Federal Public Defender, were on the brief, for appellant.

Barbara A. Grewe, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty. at the time the brief was filed, John R. Fisher, Elizabeth Trosman, George J. Lane, and Mary–Patrice Brown, Asst. U.S. Attys., were on the brief, for appellee.

Before: SILBERMAN, WILLIAMS and D.H. GINSBURG, Circuit Judges.

Opinion for the Court filed by Circuit Judge STEPHEN F. WILLIAMS.

STEPHEN F. WILLIAMS, Circuit Judge:

Appellant Adrian Price pleaded guilty to conspiring to commit an offense against the United States in violation of 18 U.S.C. § 371. Both the object of the conspiracy and the overt act consisted of possession with intent to distribute phencyclidine—PCP—in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). The district court sentenced Price as a career offender under § 4B1.1 of the U.S. Sentencing Guidelines. Price clearly qualified as such under the definitions supplied by § 4B1.2 of the Guidelines and its Application Notes. However, because the Sentencing Commission adopted §§ 4B1.1 & 4B1.2 solely in an effort to fulfill the mandate of 28 U.S.C. § 994(h), and § 994(h) plainly fails to reach *conspiracies* to commit controlled substance crimes, we vacate the sentence and remand the case to the district court for resentencing.

Section 4B1.1 provides that a defendant is a career offender if he is over eighteen and "[1] the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and ... [2] the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Section 4B1.2(2) defines "controlled substance offense" to include offenses under "federal or state law[s] prohibiting the manufac-

ture, import, export, distribution, or dispensing of a controlled substance ... or the possession of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense." Application Note 1 to § 4B1.2 further provides that controlled substance offenses include "the offenses of aiding and abetting, *conspiring*, and attempting to commit such offenses."

There is no dispute that Price had previously been convicted of two qualifying felonies. Following the directive of Application Note 1, the district court treated Price's conspiracy conviction as a controlled substance conviction. This made Price a "career offender" under § 4B1.1, so that his criminal history category was automatically VI. The court sentenced him to 57 months, the low end of the resulting applicable Guideline range of 57 to 71 months.

■ Price argues that in defining controlled substance offenses to include conspiracies to commit such offenses, the Sentencing Commission exceeded its mandate under 28 U.S.C. § 994(h). So far as we can tell, no other court has addressed this issue, though some have accepted without comment the Guidelines' inclusion of conspiracy as a controlled substance offense. See, e.g., *United States v. Whitaker*, 938 F.2d 1551 (2d Cir.1991) (conviction for conspiracy to distribute and import cocaine in violation of 21 U.S.C. § 846 held to be a controlled substance offense); *United States v. Jones*, 898 F.2d 1461 (10th Cir. 1990) (same).

■ Section 994(h) provides that the Commission "shall assure" that the Guidelines specify a sentence "at or near the maximum term authorized" for a defendant who is at least 18 years old and

(1) has been convicted of a felony that is

(A) a crime of violence; or

(B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. 952(a),

955, and 959), and section 1 of the Act of September 15, 1980 (21 U.S.C. 955a); and

(2) has previously been convicted of two or more prior felonies, each of which is—

(A) a crime of violence; or

(B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 955, and 959), and section 1 of the Act of September 15, 1980 (21 U.S.C. 955a).

28 U.S.C. § 994(h). Our concern here is only with § 994(h)(1)(B), although § 994(h)(2)(B) poses the same problem. While we owe the Commission deference in the "discharge of its delegated authority", *United States v. Doe*, 934 F.2d 353, 359 (D.C.Cir.1991), that deference does not extend to interpretations in conflict with a clear determination of Congress. See *Chevron U.S.A., Inc. v. NRDC*, 467 U.S. 837, 842, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984).

The government argues that because subsection (1)(B) embraces offenses "described in" the specified statutes, it reaches any offense (say, under state law) involving the same elements as those offenses. Thus, in its view, the phrase "described in" is not synonymous with "under". We need not pass on that theory. A conspiracy to commit a crime involves quite different elements from whatever substantive crime the defendants conspire to commit; it requires only the meeting of the conspirators' minds, plus an overt act that need not itself be in any way criminal. See Charles E. Torcia, 4 *Wharton's Criminal Law* §§ 726–28 (14th Ed.1981). Thus, conspiracy to violate the sections specified in § 994(h) cannot be said to be one of the offenses "described in" those sections. Application Note 1 is beyond the Commission's authority under § 994(h).

The Commission's enabling legislation grants it a broad mandate to promulgate guidelines for the determination of sentences. See generally 28 U.S.C. § 994(a). See also *Mistretta v. United States*, 488 U.S. 361, 377, 109 S.Ct. 647, 657, 102 L.Ed.2d 714 (1989) ("the Commission enjoys significant discretion in formulating guidelines"). Because § 994(h) is framed in terms of setting a *floor* under sentences—where its criteria are met the Commission is to "assure that the guidelines specify a sentence to a term ... at or near the *maximum*" for the offense charged—the Commission may well be free under § 994(a) to specify equally long terms for defendants not covered by § 994(h). It is clear, however, that in enacting Ch. 4, part B the Commission did not purport to rely on § 994(a).

■ Instead, the Commission explained that "§ 994(h) mandates that the Commission assure that certain 'career' offenders, *as defined in the statute,* receive a sentence of imprisonment 'at or near the maximum term authorized' ", and stated that § 4B1.1 *"implements this mandate."* "Background" to Ch. 4, part B (emphasis added). Moreover, elsewhere in the Guidelines the Commission dealt in depth with the issue of criminal history, explicitly invoking the general purposes of sentencing set forth by Congress in 18 U.S.C. § 3553(a)(2) and applicable by the Commission under § 994(a). See U.S.S.G. Ch. 4, part A and Introductory Commentary thereto; see also *Mistretta*, 488 U.S. at 374, 109 S.Ct. at 655 (noting guiding effect of purposes stated in § 3553(a)(2)). If the Commission intended Ch. 4, part B to rest as well on its discretionary authority under § 994(a), it certainly did not say so. We must conclude that the Commission fashioned Ch. 4, part B solely as an implementation of § 994(h).

If the Commission were before us, as in the normal agency review case, we might find the possibility that it rested Ch. 4, part B on its general authority plausible enough to warrant a remand to the Commission for it to explain its reasoning. Cf. *SEC v. Chenery Corp.*, 318 U.S. 80, 94–95, 63 S.Ct. 454, 462, 87 L.Ed. 626 (1943). But the Commission is absent from these proceedings, affecting them only through the Guidelines that it has prepared to govern the sentencing decisions of federal judges. Thus we are faced with a criminal defen-

dant asserting that he has been sentenced illegally; on the record before us, we cannot disagree.

■ The government calls our attention to *United States v. Lopez,* 938 F.2d .1293 (D.C.Cir.1991), but we do not read that decision to justify our affirming a sentence based on legal error. There we held that we did not have authority to review Commission decisions for failure to supply reasons. *Id.* at 1296–97. The mere fact that the Commission need not provide *any* reason for its actions, however, does not mean it is free to act for legally invalid reasons. As in other contexts, a broad power does not necessarily imply every theoretically lesser power. The National Labor Relations Act leaves an employer free to fire an employee for no reason or for an absurd reason, but that discretion does not comprise the freedom to dismiss for a forbidden reason such as anti-union bias. See, e.g., *MECO Corp. v. NLRB,* 986 F.2d 1434, 1437–38 (D.C.Cir.1993). So here, the Commission's entitlement to be silent by virtue of *Lopez* does not validate a sentence based on its affirmative invocation of an erroneous statutory ground.

It is true that courts will normally sustain an act of Congress so long as it is within the bounds of congressional authority, even though Congress may not have even hinted at the supporting rationale, see, e.g., *Flemming v. Nestor,* 363 U.S. 603, 612, 80 S.Ct. 1367, 1373, 4 L.Ed.2d 1435 (1960), and perhaps will do so even if Congress has invoked an improper one. But whatever the exact deference owed Congress on constitutional matters, the Sentencing Commission cannot be said to occupy a parallel position vis-a-vis its legislative mandate. It is simply an independent agency. See *Mistretta,* 488 U.S. at 374, 393, 109 S.Ct. at 665. Like other independent agencies, it exercises a much narrower delegation of power than Congress's under the Constitution, see *McCulloch v. Maryland,* 17 U.S. (4 Wheat) 316, 4 L.Ed. 579 (1819), and its agenda is far less crowded than Congress's. There seems no reason to except it from *Chenery* 's principle that "if the action is based upon a determi-

nation of law as to which the reviewing authority of the courts does come into play, an order may not stand if the agency has misconceived the law." 318 U.S. at 94, 63 S.Ct. at 462.

Here, the Commission has acted *explicitly* upon grounds that do not sustain its action. Because we find its stated basis— § 994(h)—inadequate for Application Note 1's inclusion of conspiracies, Note 1 cannot support Price's sentence as a career offender. Thus, without passing on the Commission's authority to re-adopt Application Note 1 to § 4B1.2 (or some variation of Note 1) on alternative grounds, we vacate the sentence and remand the case to the district court for resentencing.

*So ordered.*