UNITED STATES of America,

v.

**Robert Larry MAYES, Movant.**

**Nos. 89–30007–01, 93–3342–EEO.**

United States District Court,
D. Kansas.

Feb. 15, 1994.

678

Benjamin L. Burgess, Jr., U.S. Atty., Wichita, KS and Richard L. Hathaway, Asst. U.S. Atty., Topeka, KS, for the U.S.

Robert E. North, Topeka, KS, for movant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on the motion of defendant Larry Mayes to vacate and set aside his sentence pursuant to 28 U.S.C. § 2255 (Doc. # 129). For the reasons set forth below, defendant's motion will be denied.

Defendant was convicted of one count of conspiracy to distribute heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 846, and fourteen counts of using a telephone in committing the conspiratorial offense in violation of 21 U.S.C. § 843(b), 917 F.2d 457. Pursuant to section 4B1.2 and Application Note 1, the court treated defendant's conspiracy conviction as a controlled substance conviction and sentenced defendant as a "career offender" under section 4B1.1 of the U.S. Sentencing Guidelines. This resulted in a total offense level of 30 and a criminal history category of VI. The court sentenced defendant to 168 months, the low end of the applicable guideline range of 168 to 210 months.

Defendant clearly qualified as a career offender under the definitions supplied by section 4B1.2 of the Guidelines and Application Note 1 to section 4B1.2. Section 4B1.1 provides that a defendant is a career offender if (1) he is over eighteen and "(2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Section 4B1.2(2) defines "controlled substance offense" to include offenses under "federal or state law prohibiting the manufacture, import, export, distribution, or dispensing of a controlled substance ... or the possession of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense." Application Note 1 to section 4B1.2 further provides that controlled substance offenses include "the offenses of aiding and abetting, *conspiring*, and attempting to commit such offenses."

There is no dispute that defendant was previously convicted of two qualifying felonies. The only issue is whether the conspiracy conviction could serve as a predicate offense for classifying defendant as a "career offender." Defendant argues that a conspiracy conviction may not be used as a predicate offense because 21 U.S.C. § 846 was not among the offenses listed in 28 U.S.C. § 994(h)(1)(B). Defendant maintains that, in promulgating section 4B1.2 and the accompanying Application Note 1 so as to include conspiracies, the Sentencing Commission, therefore, exceeded the rulemaking authority delegated in 28 U.S.C. § 994(h). Essentially, defendant argues that because Congress did not specifically identify felony drug conspiracies in section 994(h), the Sentencing Commission was not authorized to address conspiracies in formulating the Guidelines.

Defendant's arguments mirror the points considered in *United States v. Price*, 990 F.2d 1367 (D.C.Cir.1993), the only case known to the court to have held that section 994(h) does not reach conspiracies to commit controlled substance crimes. Although we recognize that the *Price* court squarely addressed the issues raised in the instant case by Mayes and held that the defendant's sentence was illegal, we disagree with the *Price* court's strict construction of 28 U.S.C. § 994 and Chapter 4, part B, of the Guidelines.

■ As a starting point for our analysis, we note that the Sentencing Commission is an "independent agency," *Mistretta v. United States*, 488 U.S. 361, 393, 109 S.Ct. 647, 665, 102 L.Ed.2d 714 (1989), vested with

"expressly delegated rulemaking authority regarding federal sentencing policy." *United States v. Doe*, 934 F.2d 353, 359 (D.C.Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 268, 116 L.Ed.2d 221 (1991). As such, the Commission is responsible for promulgating "general policy statements regarding application of the guidelines and any other aspect of sentencing or sentence implementation that in the view of the Commission would further the purposes" of sentencing as stated in 18 U.S.C. § 3553(a)(2), i.e., punishment, deterrence, incapacitation, and rehabilitation. 28 U.S.C. § 994(a)(2). Actions taken by the Sentencing Commission in the "discharge of its delegated authority" are entitled to deference. *Doe*, 934 F.2d at 359.

■ Based on a very narrow reading of the Commission's reference to section 994(h) in the "Background" paragraph of the commentary following section 4B1.1, the *Price* court declared section 4B1.1 and section 4B1.2 to be illegal. *Price*, 990 F.2d at 1369–70. The court held that section 994(h) did not authorize the action taken by the Sentencing Commission in Chapter 4, part B, but recognized that section 994(a)(2) might have authorized such action. *Id.*

We disagree with the *Price* court because we believe that the Commission was entitled to rely on the delegated authority granted by section 994(a)(2), even without reference to that portion of section 994 in the "background" paragraph. Indeed, in the commentary generally applicable to all guidelines, the Commission stated, "[t]he guidelines and policy statements promulgated by the Commission are issued pursuant to Section 994(a) of Title 28 United States Code." The mere mention of section 994(h), by way of commentary to section 4B1.1, does not make section 994(h) the sole authority relied upon by the Commission in promulgating Chapter 4, part B. Rather, the Commission was entitled to rely on section 994(a)(2), regardless of whether section 994(a)(2) was cited as authority in the commentaries.

Even if we were to agree with the *Price* court that the Commission relied solely on section 994(h), we believe that the Commission's actions in promulgating section 4B1.2 and Application Note 1 were within the au-

thority delegated in section 994(h). Our reading of section 994(h) and its legislative history leads us to the conclusion that Congress intended to delegate the power to promulgate guidelines for crimes such as conspiracy to commit the substantive offenses listed, even though conspiracy was not expressly listed in section 994(h). The legislative history of section 994 states:

it should be noted that subsections (h) and (i) [of 28 U.S.C. § 994] are *not* necessarily *intended to be an exhaustive list* of types of cases in which the guidelines should specify a substantial term of imprisonment, nor of types of cases in which terms at or close to an authorized maxima should be specified.

S.Rep. No. 225, 98th Cong., 1st Sess. 176, *reprinted in* 1984 U.S.C.C.A.N. 3182, 3359 (emphasis added).

By failing to expressly list conspiracy convictions under 21 U.S.C. § 846, we do not believe that Congress intended to create a "conspiracy loophole" whereby conspirators would receive more favorable treatment than substantive offenders. Nothing in the Congressional record reveals an intent that conspirators who otherwise qualify as career offenders and who mastermind and organize drug trafficking operations, but recruit others to actually possess and distribute the controlled substance, should escape career offender classification, while lower level participants who were recruited by the conspirator are subjected to harsher sentences as a result of application of the career offender provision.

In our view, section 4B1.2 and Application Note 1 are the very types of policy statements contemplated by 28 U.S.C. § 994(a)(2). Section 4B1.2 and Application Note 1 embody the intent of Congress as reflected throughout the legislative history of section 994 and, specifically, section 994(h) with regard to increasing penalties for repeat offenders. *See* S.Rep. No. 225, 98th Cong., 1st Sess. 175, *reprinted in* 1984 U.S.C.C.A.N. 3182, 3358 (Rather than mandate a sentence at or near the statutory maximum for repeat offenders, Congress relied on a directive to the Commission and the guidelines development process to assure the "consistent and

rational implementation of the Committee's view that substantial prison terms should be imposed on repeat violent offenders and repeat drug traffickers"). Moreover, the Commission's guidelines, as interpreted here, will further the sentencing guidelines goals of achieving uniformity and proportionality in sentencing. *See* Ch. 1, Pt. A3, Federal Sentencing Guidelines.

For all these reasons, we hold that, in promulgating sections 4B1.1 and 4B1.2, including Application Note 1, the Sentencing Commission did not exceed the bounds of the rulemaking authority delegated by Congress in 28 U.S.C. § 994. Consequently, defendant's conviction under 21 U.S.C. § 846 for conspiracy to distribute heroin, was properly considered as a predicate offense in sentencing him as a career offender. In reaching this conclusion, we are guided by *United States v. Jones,* 898 F.2d 1461 (10th Cir.1990) (predicate offense for application of the career offender provision was conspiracy to distribute cocaine) and the courts in a myriad of other circuits that have routinely applied the career offender provisions in cases involving conspiracies. *See, e.g., United States v. Coleman,* 964 F.2d 564, 565 (6th Cir.1992) (predicate offense of conspiracy to possess with intent to distribute controlled substances); *United States v. Page-Bey,* 960 F.2d 724, 727 (8th Cir.1992) (predicate offense of conspiracy to distribute cocaine base); *United States v. Gaitan,* 954 F.2d 1005, 1007 (5th Cir.1992) (predicate offense of conspiracy to possess marijuana); *United States v. Hall,* 943 F.2d 348, 351, 354 (4th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 613, 116 L.Ed.2d 635 (1991) (predicate offense of conspiracy to possess with intent to distribute cocaine); *United States v. Whitaker,* 938 F.2d 1551, 1552 (2d Cir.1991) *cert. denied,* —— U.S. ——, 112 S.Ct. 977, 117 L.Ed.2d 141 (1992) (predicate offense of conspiracy to distribute and import cocaine); *United States v. Belton,* 890 F.2d 9, 10 (7th Cir.1989) (predicate offense of conspiracy to possess with intent to distribute cocaine); *United States v. Ruiz-Garcia,* 886 F.2d 474, 475–76 (1st Cir.1989) (predicate offense of conspiracy to possess with intent to distribute cocaine).

The court concludes that the files and records conclusively show that defendant is entitled to no relief. Accordingly,

IT IS BY THE COURT ORDERED that defendant's motion to vacate and set aside his sentence (Doc. # 129) is denied.