Cephus Donald **DYER**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 93–3716.

United States Court of Appeals,
Eighth Circuit.

Submitted April 12, 1994.

Decided May 9, 1994.

Cephus Donald Dyer, pro se.

Gary L. Hayward, Des Moines, IA, for appellee.

Before McMILLIAN, MAGILL and BEAM, Circuit Judges.

McMILLIAN, Circuit Judge.

Cephus Donald Dyer appeals from the final order entered in the District Court[1] for the Southern District of Iowa, dismissing his second 28 U.S.C. § 2255 motion to vacate his sentence. For the reasons discussed below, we affirm.

In 1988, Dyer was convicted by a jury of one count of conspiring to distribute heroin and cocaine between November 18, 1986, and August 19, 1988, three counts of using communications facilities in connection with the conspiracy, and one count of possessing eight ounces of cocaine with intent to distribute it.

---

1. The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

He was sentenced, as a career offender, to 230 months in prison on the conspiracy count and concurrent 48–month terms on each of the other counts, four years supervised release, community service in lieu of a fine, and a $250 special assessment. This court affirmed. *United States v. Dyer*, 910 F.2d 530 (8th Cir.), *cert. denied*, 498 U.S. 949, 111 S.Ct. 366, 112 L.Ed.2d 329 (1990).

Dyer filed a § 2255 motion, alleging, inter alia, that his trial counsel was ineffective for failing to call or interview potential defense witnesses, subpoena bank records, and object to improper rebuttal testimony. The district court rejected this claim because Dyer had not presented evidence concerning what the witnesses would have said or what the bank records might have revealed and, therefore, had not established prejudice. The court corrected an error in the presentence report (PSR), and denied his other claims. This court affirmed. *Dyer v. United States*, 978 F.2d 1263 (8th Cir.1992) (No. 92–1808) (table).

Dyer filed this second § 2255 motion, alleging that the district court illegally enhanced his conspiracy sentence under U.S.S.G. § 4B1.1 (career offender enhancement) because 28 U.S.C. § 994(h) did not include conspiracy convictions, relying on *United States v. Price*, 301 U.S.App.D.C. 97, 990 F.2d 1367 (1993); that his conspiracy ended in August 1988 and thus the retroactive application of the November 18, 1988 amendments making the mandatory minimum provisions of 21 U.S.C. § 841(b) apply to 21 U.S.C. § 846 conspiracies violated the Ex Post Facto Clause; that the general verdict form allowed for less than unanimous verdicts because the jury did not determine whether he engaged in a conspiracy to distribute cocaine or to distribute heroin; that his trial, appellate, and postconviction counsel were ineffective for not asserting these claims; that his postconviction counsel was ineffective for not seeking an evidentiary hearing on his first § 2255 motion; and that the PSR did not justify an enhancement for a managerial role. Dyer also filed motions for discovery and production of documents seeking bank records, his attorney's files, and a transcript from his first § 2255 motion; for

appointment of counsel; and for an evidentiary hearing.

The government responded that the motion should be dismissed because the issues presented either had been or could have been litigated in Dyer's first § 2255 motion. The government also opposed Dyer's claims on the merits.

The district court denied Dyer's motion, concluding, inter alia, that Dyer's claims regarding career offender status, length of his sentence, and his role in the offense were barred as an abuse of the writ. The district court also rejected Dyer's ineffective-assistance claims and concluded he did not show how the material he sought from discovery would prove his innocence. This appeal followed. Dyer's motion to clarify an issue on appeal is granted.

■ A successive petition must be dismissed as an abuse of the writ unless the petitioner can show external cause and prejudice, or a fundamental miscarriage of justice. *McCleskey v. Zant*, 499 U.S. 467, 493–94, 111 S.Ct. 1454, 1469–70, 113 L.Ed.2d 517 (1991). The latter exception applies only in "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." *Id.* at 494, 111 S.Ct. at 1470; *Cornman v. Armontrout*, 959 F.2d 727, 730 (8th Cir.1992). Here, Dyer seeks to have his abuse of the writ excused because of ineffective assistance of postconviction counsel and a change in the law.

■ As to the first reason offered, postconviction counsel's ineffectiveness may not constitute cause. *Coleman v. Thompson*, 501 U.S. 722, ——, 111 S.Ct. 2546, 2567, 115 L.Ed.2d 640 (1991). As to the second reason, to constitute cause, the change in the law must give rise to a claim so novel that its legal basis was not reasonably available to counsel. *Reed v. Ross*, 468 U.S. 1, 16, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1984); *United States v. Richards*, 5 F.3d 1369, 1371 (10th Cir.1993). Moreover, although a colorable claim of innocence may be based on a change in the law rendering a prosecution illegal, *see Davis v. United States*, 417 U.S. 333, 343, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974), "[a] petitioner may not use the fundamental mis-

carriage of justice exception to challenge existing law on the theory that if the court agrees and changes the law, the petitioner would then be actually innocent." *Richards,* 5 F.3d at 1371. Even if *Price* represented a change of law in another circuit, it may not be applied to excuse Dyer's abuse of the writ here.[2]

 We find no abuse of discretion in the district court's denial of Dyer's motions for discovery because Dyer did not show how the evidence he sought would establish his innocence. Nor did the court abuse its discretion in denying an evidentiary hearing. *See Larson v. United States,* 905 F.2d 218, 221 (8th Cir.1990) (evidentiary hearing not required where § 2255 motion can be denied on basis of record). We need not consider Dyer's sentencing-disproportionality argument because he raises it for the first time on appeal in his reply brief. *See United States v. Dall,* 918 F.2d 52, 53 n. 3 (8th Cir.1990) (per curiam), *cert. denied,* 498 U.S. 1094, 111 S.Ct. 981, 112 L.Ed.2d 1065 (1991).

Accordingly, we affirm the judgment of the district court.

---

**2.** While language in § 994(h) expressly authorizes the adoption of a career offender guideline with regard to substantive offenses "described in" specific statutes, the D.C. Circuit held that the Sentencing Commission exceeded its mandate when it extended the enhancements to *conspiracies* to commit these offenses. *United States v. Price,* 301 U.S.App.D.C. 97, 990 F.2d 1367, 1369 (1993). The Ninth Circuit expressly rejected *Price* and held that the Commission properly included conspiracy within the definition of "controlled substance offense." *United States v. Heim,* 15 F.3d 830, 831–32 (9th Cir.1994). Other courts have implicitly accepted, without discussion, the inclusion of conspiracy as a controlled substance offense. *See, e.g., United States v. Fiore,* 983 F.2d 1 (1st Cir.1992), *cert. de-*

nied, —— U.S. ——, 113 S.Ct. 1830, 123 L.Ed.2d 458 (1993); *United States v. Whitaker,* 938 F.2d 1551 (2d Cir.1991) (per curiam), *cert. denied,* —— U.S. ——, 112 S.Ct. 977, 117 L.Ed.2d 141 (1992); *United States v. Jones,* 898 F.2d 1461 (10th Cir.), *cert. denied,* 498 U.S. 838, 111 S.Ct. 111, 112 L.Ed.2d 81 (1990).

In *United States v. Baker,* 16 F.3d 854, 857 (8th Cir.1994), this court observed that the Commission had broad authority to issue its Guidelines under § 994(a) and expressed serious doubts about *Price*'s conclusion that the only purpose of the career offender Guideline was to implement § 994(h). Because we conclude Dyer has abused the writ, we do not decide the career-offender issue he raises.