36 F.3d 1106
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Larry MAYES, Defendant-Appellant.
 No. 94-3086.
 United States Court of Appeals, Tenth Circuit.
 Aug. 31, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, MCKAY, and BALDOCK, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appearing pro se, Mr. Robert Larry Mayes, appeals the district court's denial of his motion to vacate and set aside his sentence pursuant to 28 U.S.C. 2255. For the reasons stated below, we affirm.
 
 
 3
 Mr. Mayes was convicted by a jury of one count of conspiracy to distribute heroin in violation of 21 U.S.C. 846, and fourteen counts of using a telephone in committing the conspiracy in violation of 21 U.S.C. 843(b). Applying the U.S. Sentencing Guidelines, the district court sentenced Mr. Mayes to 168 months imprisonment, the low end of the applicable guideline range of 168 to 210 months. In calculating Mr. Mayes' sentence, the court treated the conspiracy conviction as a "controlled substance offense" and sentenced Mr. Mayes as a career offender under the Sentencing Guidelines. See U.S.S.G. 4B1.1, 4B1.2 Application Note 1. The only issue on appeal is whether Mr. Mayes' conspiracy conviction can serve as the predicate offense for career offender purposes.
 
 
 4
 Relying on United States v. Price, 990 F.2d 1367 (D.C.Cir.1993), Mr. Mayes argues that his conspiracy conviction cannot serve as a predicate offense for purposes of sentencing him as a career offender. He maintains that the Sentencing Commission unlawfully exceeded its congressional mandate under 28 U.S.C. 994(h) when it enacted U.S.S.G. 4B1.2 and accompanying Application Note 1 because conspiracy is not an enumerated "controlled substance" offense under 28 U.S.C. 994(h).
 
 
 5
 Our decision in United States v. Allen, 24 F.3d 1180 (10th Cir.1994), directly addresses and disposes of Mr. Mayes' argument. In Allen we rejected the holding in Price and agreed instead "with those circuits which have concluded that section 994(h) does not represent an exclusive list of crimes for which enhancement under the career offender guidelines may be imposed." 24 F.3d at 1186. We held that convictions for conspiracy to possess with intent to distribute, in violation of 21 U.S.C. 846, and continuing criminal enterprise, in violation of 21 U.S.C. 848, can both be predicate offenses for career offender sentencing. Id. at 1186-87. Accordingly, Mr. Mayes' argument must fail. The denial of Mr. Mayes' motion to vacate and set aside his sentence is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470