39 F.3d 1183
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roscoe T. MATTHEWS, Defendant-Appellant.
 No. 93-3519.
 United States Court of Appeals, Sixth Circuit.
 Oct. 27, 1994.
 
 Before: JONES, NORRIS, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant-appellant, Roscoe Matthews, appeals from the order of the district court sentencing him as a career offender. Specifically, Matthews challenges the propriety of using a conviction for conspiracy to distribute a controlled substance as a triggering offense under the career offender provisions of USSG Sec. 4B1.1. In support of his argument, he cites United States v. Price, 990 F.2d 1367 (D.C.Cir.1993), in which the District of Columbia Circuit held that the career offender guidelines concerning controlled substances offenses do not extend to conspiracies to commit those offenses.
 
 
 2
 Unfortunately for Matthews, however, he failed to challenge the career offender designation in the district court. As we noted in United States v. Fountain, "[a]bsent 'plain error', this court will not address claims of alleged misapplication of the guidelines unless the defendant first raised the claim before the district court." 2 F.3d 656, 669-70 (6th Cir.1993), citing United States v. Nagi, 947 F.2d 211, 213 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992). Moreover, we have previously held that a defendant's failure to raise the Price issue in a timely manner precludes its review on appeal. United States v. Brannon, 7 F.3d 516, 215 n. 2 (6th Cir.1993). Implicit in that ruling is a determination that the alleged error in sentencing belatedly raised by Matthews in this case is not "plain error" under current law.
 
 
 3
 Our conclusion that the district court did not plainly err in its sentencing of Matthews is buttressed by the varied responses of other circuits to similar challenges. See United States v. Mendoza-Figueroa, 28 F.3d 766, 768 (8th Cir.1994), opinion vacated, (Sept. 2, 1994) (agreeing with analysis of Price ); United States v. Damerville, 27 F.3d 254, 256-58 (7th Cir.1994), petition for cert. filed (Sept. 12, 1994) (No. 94-5990) (refusing to follow Price ); United States v. Hightower, 25 F.3d 182, 183-87 (3d Cir.1994), petition for cert. filed (Aug. 29, 1994) (No. 94-5881) (refusing to follow Price ); United States v. Bellazerius, 24 F.3d 698, 701-02 (5th Cir.1994) (following Price); United States v. Baker, 16 F.3d 854, 856-58 (8th Cir.1994) (refusing to follow Price ); United States v. Heim, 15 F.3d 830, 831-32 (9th Cir.1994), petition for cert. filed, 62 USLW 3724 (Apr. 25, 1994) (No. 93-1679) (refusing to follow Price ). Moreover, the Price decision, at the time it was announced, was in conflict with the rulings of at least two other circuits, in which the career offender guideline in question has been applied, without discussion, to individuals convicted under 21 U.S.C. Sec. 846 for conspiracy to commit drug offenses. See, e.g., United States v. Whitaker, 938 F.2d 1551 (2d Cir.1991), cert. denied, 112 S.Ct. 977 (1992); and United States v. Jones, 898 F.2d 1461 (10th Cir.), cert. denied, 498 U.S. 838 (1990). See also United States v. Page-Bey, 960 F.2d 724 (8th Cir.1992). Given the fact that different federal circuit courts cannot agree upon the proper application of the career offender provisions in drug conspiracy cases, we cannot hold that the district court in this case plainly erred in reaching a determination consistent with that of the majority of federal appellate courts that have addressed the issue.
 
 
 4
 We conclude that the matter has been waived and that the judgment of the district court must therefore be AFFIRMED.
 
 
 5
 NATHANIEL R. JONES, dissenting.
 
 
 6
 The majority today concludes that the district court's sentencing of Defendant Matthews was not plain error and accordingly affirms the sentence imposed. Because I believe the sentencing error was plain, I dissent.
 
 
 7
 In the instant case, Matthews, after being convicted of conspiracy to distribute a controlled substance, was sentenced as a career offender under U.S.S.G. Sec. 4B1.1, based upon the district court's determination that Matthews had at least two relevant prior convictions and the instant conspiracy offense was a "controlled substance offense" within the meaning of U.S.S.G. Sec. 4B1.1.[1] To reach this conclusion, the district court looked to the language of Sec. 4B1.2's Application Note 1. This application note instructs that the term "controlled substance offense," as used in Sec. 4B1.1, includes "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. Sec. 4B1.2, comment. (n. 1) (emphasis added). However, the district court's reliance on that note was improper, for as the court found in United States v. Price, 990 F.2d 1367 (D.C.Cir.1993), the Sentencing Commission erred when it included conspiracies in the definition of the term "controlled substance offense."
 
 
 8
 In fashioning the terms of Sec. 4B1.1, the Sentencing Commission explicitly stated that it was implementing the mandate set forth in 28 U.S.C. Sec. 994(h). See Sec. 4B1.1, comment. (bkgnd.) (emphasis added) ("28 U.S.C. Sec. 994(h) mandates that the Commission assure that certain 'career' offenders, as defined in the statute, receive a sentence of imprisonment 'at or near the maximum term authorized.' Section 4B1.1 implements this mandate."). Section 994(h) directs the Commission to insure that specified defendants be sentenced "at or near the maximum term authorized."[2] 28 U.S.C. Sec. 994(h). Thus, any enhanced punishment imposed pursuant to this section is valid only insofar as it applies to the defendants specified therein.
 
 
 9
 As applied to the instant case, the relevant portions of Sec. 994(h) only authorized the Sentencing Commission to provide for a more severe sentence if there were two prior narcotics or violent crime convictions and the instant conviction was for "an offense described in section 401 of the Controlled Substances Act (21 U.S.C. Sec. 841)." 28 U.S.C. Sec. 994(h)(1)(B). However, conspiracy is not an offense described in Sec. 841. Thus, as the Commission was acting pursuant to its authority under Sec. 994(h), it was without the capacity to include conspiracies in the definition of controlled substance offenses.
 
 
 10
 My conclusion that conspiracies are not offenses described in Sec. 841 is prompted by the fact that the plain language of 21 U.S.C. Sec. 841 does not prohibit conspiracies, but rather prohibits only substantive crimes. Moreover, "[a] conspiracy to commit a crime involves quite different elements from whatever substantive crime the defendants conspire to commit; it requires only the meeting of the conspirators' minds, plus an overt act that need not itself be in anyway criminal." Price, 990 F.2d at 1369. Because Sec. 994(h) permits enhanced punishment only for defendants who have engaged in specified crimes, and because conspiracy cannot be said to be one of the crimes specified, "Application Note 1 is beyond the Commission's authority under Sec. 994(h)." Id.
 
 
 11
 Despite this logic, the majority opinion nevertheless concludes that Matthews' sentence was not plain error, stating "the Price decision, at the time it was announced, was in conflict with the rulings of at least two other circuits...." However, in the examples that the majority offers, United States v. Whitaker, 938 F.2d 1551 (2d Cir.1991), cert. denied, 112 S.Ct. 977 (1992); and United States v. Jones, 898 F.2d 1461 (10th Cir.1990), cert. denied, 112 S.Ct. 2296 (1992); as well as United States v. Page-Bey, 960 F.2d 724 (8th Cir.1992), cert. denied, 114 S.Ct. 1630 (1994), the courts "accepted without comment the Guidelines' inclusion of conspiracy as a controlled substance offense." Price, 990 F.2d at 1368. Therefore, these cases are not dispositive of the question before this court, and should not be treated as such.[3]
 
 
 12
 Congress granted the Sentencing Commission broad authority under Sec. 994(a) to create guidelines for determining sentences, and the broad scope of this section is arguably sufficient to authorize the language of Application Note 1 to Sec. 4B1.2. See Price, 990 F.2d 1369 ("the Commission may well be free under Sec. 994(a) to specify equally long terms for defendants not covered by Sec. 994(h)"). However, as the court noted in Price,
 
 
 13
 [i]t is clear ... that in enacting Ch. 4, part B the Commission did not purport to rely on Sec. 994(a).... If the Commission intended Ch. 4, part B to rest as well on its discretionary authority under Sec. 994(a), it certainly did not say so. We must conclude that the Commission fashioned Ch. 4, part B solely as an implementation of Sec. 994(h).
 
 
 14
 Id. (emphasis added). For the reasons explained above, Sec. 994(h) does not authorize the inclusion of conspiracies. Therefore, although the same result might have been achieved by reliance upon Sec. 994(a), it can not be achieved by reliance on Sec. 994(h). Matthews conspiracy conviction should not have subjected him to career offender status under the current Guidelines. Accordingly, I dissent.
 
 
 
 [1]
 This court in United States v. Brannon, 7 F.3d 516, 521 n. 2 (6th Cir.1993), much like the majority today, expressly declined to consider the issue raised in Price, as the defendant had not raised the issue in the trial court
 
 
 [2]
 28 U.S.C. Sec. 994(h) provides in relevant part:
 (h) The Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and--
 (1) has been convicted of a felony that is--
 (A) a crime of violence; or
 (B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841) ...; and
 (2) has previously been convicted of two or more prior felonies, each of which is [a crime of violence or a controlled substance offense.]
 
 
 [3]
 Since Price, both the Eighth and Ninth Circuits have concluded that Application Note 1 was a proper exercise of the Sentencing Commission's authority. They base this conclusion upon the fact that although the Commission did not have the authority to include conspiracy in the definition of controlled substance offenses under Sec. 994(h), such authority does in fact exist under Sec. 994(a). See United States v. Baker, 16 F.3d 854 (8th Cir.1994); United States v. Heim, 15 F.3d 830 (9th Cir.1994). However, although, as the Heim and Baker courts noted, the authority to include conspiracies in the career offender provisions would exist under Sec. 994(a), the fact nevertheless remains that at the time of Matthews sentencing, the Commission explicitly stated that it relied upon Sec. 994(h) in enacting Chapter 4, Section B. As all courts have found, this section did not grant them the authority to act as they did in Application Note 1