46 F.3d 1136
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
William Charles LONGBEHN, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 94-1671.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 23, 1994.
Filed: Feb. 1, 1995.
 
 Before MAGILL, LOKEN, and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 William Charles Longbehn was convicted of drug offenses and received a total prison sentence of sixty years. We affirmed his conviction and sentence. United States v. Longbehn, 898 F.2d 635, 638-42 (8th Cir.), cert. denied, 498 U.S. 877 (1990). Longbehn subsequently filed this 28 U.S.C. Sec. 2255 motion asserting that the sentencing court improperly ordered that he must serve a minimum of twenty years of his sentence before becoming eligible for parole. He argued that former 18 U.S.C. Sec. 4205(a) imposed a ten-year ceiling on the minimum term of imprisonment before parole eligibility. The district court[1] denied the motion without an evidentiary hearing, holding that, under Eighth Circuit law, a sentencing court may require a defendant to serve more than ten years before being eligible for parole when it is in the interest of justice. See former 18 U.S.C. Sec. 4205(b)(1); Rothgeb v. United States, 789 F.2d 647, 652 (8th Cir. 1986). We may affirm the judgment of the district court on any ground supported by the record, even if the district court did not rely upon it. Monterrey Dev. Corp. v. Lawyer's Title Ins. Corp., 4 F.3d 605, 608 (8th Cir. 1993). Having carefully reviewed the record, we conclude that Longbehn's claims are procedurally barred. Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam) (failure to raise issue on direct appeal is procedural bar); Dyer v. United States, 23 F.3d 1421, 1423 (8th Cir.), cert. denied, 115 S. Ct. 136 (1994) (failure to raise issue in prior Sec. 2255 motion bars successive motion as abuse of the writ).
 
 
 2
 Accordingly, we affirm. See 8th Cir. R. 47B.
 
 
 
 [1]
 The Honorable David S. Doty, United States District Judge for the District of Minnesota