52 F.3d 331
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Samuel Lee ANDERSON, Appellant.
 No. 94-2152
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Apr. 5, 1995
Filed: Apr. 25, 1995
 
 Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Samuel Lee Anderson, a federal inmate, appeals the district court's[1] order dismissing his 28 U.S.C. Sec. 2255 motion to vacate his sentence. We affirm.
 
 
 2
 Following a hearing at which he was found competent to stand trial, Anderson pleaded guilty to second degree murder in violation of 18 U.S.C. Secs. 1111 and 1153 and was sentenced to 148 months in prison and five years of supervised release. The district court denied a subsequent Sec. 2255 motion, and we affirmed. United States v. Anderson, No. 93-1907 (unpublished per curiam). Anderson then filed this second Sec. 2255 motion, asserting one ground that had been raised in his first Sec. 2255 motion and decided adversely to him, and two grounds he had failed to raise in the first motion.
 
 
 3
 In response to the district court's order to show cause why his second motion should not be dismissed as an abuse of the writ, Anderson argued that he suffered from a mental infirmity and below- average intelligence when an assistant federal public defender helped him prepare his first motion. The district court concluded that this was not cause excusing his abuse of the writ and denied the Sec. 2255 motion. See McCleskey v. Zant, 499 U.S. 467, 489-95 (1991); United States v. Fallon, 992 F.2d 212, 213 (8th Cir. 1993) (McCleskey standard applies to successive Sec. 2255 motions).
 
 
 4
 We agree with the district court that Anderson failed to establish cause excusing his abuse of the writ. He offered no evidence that a mental illness affected his ability to bring his claims or to understand the proceeding at the time he filed his first Sec. 2255 motion. See Nachtigall v. Class, No. 94-1943, slip op. at 7-9 (8th Cir. Mar. 1, 1995). His allegations of below- average intelligence and attorney error are legally insufficient. See Dyer v. United States, 23 F.3d 1421, 1423 (8th Cir.), cert. denied, 115 S. Ct. 136 (1994); Cornman v. Armontrout, 959 F.2d 727, 729-30 (8th Cir. 1992). As he also made no showing of actual innocence, we affirm. We deny Anderson's renewed motion for appointment of counsel.
 
 
 
 [1]
 The HONORABLE LYLE E. STROM, United States District Judge for the District of Nebraska, adopting the report and recommendation of the HONORABLE DAVID L. PIESTER, United States Magistrate Judge for the District of Nebraska