54 F.3d 775
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Claude Lincoln PALMER, a/k/a Claud Lincoln Palmer,
Defendant-Appellant.
 No. 94-5816.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 20, 1995.
Decided: May 17, 1995.
 
 Duncan R. St. Clair, III, St. Clair & Associates, P.C., Norfolk, VA, for Appellant. Helen F. Fahey, United States Attorney, Robert E. Bradenham II, Assistant United States Attorney, Norfolk, VA, for Appellee.
 Before WIDENER, WILKINSON, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Claude Lincoln Palmer appeals the 57-month sentence imposed on him after his guilty plea to illegal reentry of a deported alien, 8 U.S.C.A. Sec. 1326 (West Supp.1994). He contends that the district court erred in adding two points to his criminal history score for committing the offense while he was serving a term of supervised release. United States Sentencing Commission, Guidelines Manual, Sec. 4A1.1(d) (Nov.1993). He also challenges the constitutionality of the sentencing guidelines. We affirm.
 
 
 2
 Palmer is a Jamaican citizen. He was convicted of a drug offense in 1989, and was sentenced to serve 35 months imprisonment followed by a 3-year term of supervised release. Palmer finished serving his prison term on November 7, 1991. He was turned over to the Immigration and Naturalization Service and was speedily deported to Jamaica. On May 25, 1994, Palmer reentered the United States and was detained when his status was discovered.
 
 
 3
 Because Palmer's term of supervised release had not yet expired when he committed the offense, two points were added to his criminal history score as required under guideline section 4A1.1(d). Palmer argues that the points should not have been given because (1) he was not under supervision while he was in Jamaica, and (2) had he had the benefit of actual supervision, he might have been deterred from illegally reentering the country. We find that the points were correctly given. A defendant need not be under active supervision for the points to be added. U.S.S.G. Sec. 4A1.1, comment. (n.4); cf. United States v. Kimberlin, 18 F.3d 1156, 1160 (4th Cir.), cert. denied, 62 U.S.L.W. 3755 (U.S.1994) (points added for offense committed on unsupervised probation).
 
 
 4
 Although he failed to challenge the constitutionality of the sentencing guidelines in the district court, on appeal Palmer makes a vague and general argument that, in carrying out its duty to create guidelines, the Sentencing Commission has overreached the authority delegated to it by Congress under 28 U.S.C. Sec. 994(h) (1988). As a result, in his view, sentences imposed under the guidelines may violate due process and the Eighth Amendment. Reviewing the sentence imposed on Palmer for plain error, United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993), we find no constitutional violation, and we decline to hold that the Sentencing Commission has overreached its authority in fashioning section 4A1.1(d).*
 
 
 5
 We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 We note that this Court has rejected the reasoning of United States v. Price, 990 F.2d 1367 (D.C.Cir.1993), one of the decisions relied on by Palmer. See United States v. Kennedy, 32 F.3d 876, 888 (4th Cir.1994), cert. denied, 63 U.S.L.W. 3563 (U.S.1995)