**UNITED STATES of America, Appellee,**

v.

**Raymond J. POWELL, Appellant.**

**No. 98–3066.**

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 17, 1998.

Decided Nov. 19, 1998.

Evelina J. Norwinski, Assistant Federal Public Defender, argued the cause as amicus curiae on behalf of appellant. With her on the briefs was A.J. Kramer, Federal Public Defender, appointed by the court.

Raymond J. Powell, appearing pro se, was on the briefs for appellant.

John R. Fisher, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief was Wilma A. Lewis, U.S. Attorney.

Before: EDWARDS, Chief Judge, WILLIAMS and GINSBURG, Circuit Judges.

PER CURIAM.

Raymond J. Powell, a federal prisoner, has requested that this court certify his second or successive motion under 28 U.S.C. § 2255 to the District Court. After consideration of Mr. Powell's motion, we have decided to stay our hand regarding Mr. Powell's request, because it is clear from the record that there are still issues regarding Mr. Powell's *first* § 2255 motion remaining to be addressed by the District Court. Since it is clear that Mr. Powell can obtain all the relief that he is due pursuant to his pending motions, we will leave it to the District Court to address these claims. Action by the District Court may make it unnecessary for this court to consider the issues here on appeal.

On June 18, 1993, Mr. Powell filed his first § 2255 motion. Subsequently, on September 20, 1993, Mr. Powell filed a "Traverse to Respondent's Opposition for Motion to Vacate, Set Aside, or Modify Sentence, Pursuant to 28 USC § 2255" as an addendum to his first § 2255 motion. Although the District Court denied Mr. Powell's first § 2255 motion by order on January 3, 1994, it has never addressed the claim advanced in the Traverse that, under the holding of *United States v. Price*, 990 F.2d 1367, 1369 (D.C.Cir. 1993), it was improper to use his state law conviction as a predicate offense when enhancing his sentence. Thus, Mr. Powell points out that the *Price* issue is still pending before the District Court. Mr. Powell also alleges that, as to the matters other than the *Price* issue, he never received the District Court's denial of his first motion. Moreover, on March 23, 1998, Mr. Powell filed a "Motion for Extraordinary Relief," seeking relief under 28 U.S.C. §§ 1651 and 2241 with the District Court arguing, *inter alia*, that his sentence was improper under *Price*, because his D.C. conviction was for an inchoate offense, the attempted distribution of PCP.

█ In short, there are significant questions pending before the District Court regarding the application of *Price* to Mr. Powell's sentence. Government counsel does not dispute the pendency of these motions.

█ In *Price*, this court held that only offenses specified in 28 U.S.C. § 994(h) could count as predicate offenses. *See* 990 F.2d at 1369–70. Accordingly, it was improper to apply career criminal enhancements to defendants convicted of aiding and abetting, attempting, or conspiring to commit those crimes. *See id.* at 1370. After this court's decision in *Price*, the Sentencing Commission amended U.S.S.G. § 4B1.1 to include inchoate crimes. *See* U.S.S.G. § 4B1.1, comment (backg'd.)(Nov.1998); *United States v. Seals*, 130 F.3d 451, 463 (D.C.Cir.1997). However, because Powell was convicted before 1995, it is undisputed that his conviction for an inchoate offense should not have been used to qualify him as a career offender under § 4B1.1.

As was made clear at oral argument in this case, the defendant is presently serving time beyond what is legally permissible. Mr. Powell was sentenced to 262 months; yet, under *Price*, Mr. Powell should have been sentenced to a maximum of 78 months. Thus, because Mr. Powell has served over 100 months in jail, he is now serving time far beyond that which is lawfully required. Even the Government does not doubt that, under *Price*, Mr. Powell's position is compelling. Because Mr. Powell is faced with the possibility of serving at least *ten more years in prison*, and he has already served far more time than is legally required, we must afford the District Court the opportunity to address his pending claims.

Finally, the parties acknowledge that Mr. Powell first cited *Price* in his Traverse, and there sought relief based only on one theory related to *Price*. However, because the District Court has not yet ruled on the Traverse or on the Motion for Extraordinary Relief, there is nothing preventing the trial judge from considering any claims cognizable under *Price*. In other words, in order to avoid a potential miscarriage of justice, the District Court surely is free to allow defendant's counsel to amplify Mr. Powell's original *Price* theory.

So ordered.