United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Argued November 17, 1998 Decided November 19, 1998 

 No. 98-3066

 United States of America, 

 Appellee

 v.

 Raymond J. Powell, 

 Appellant

 Appeal from the United States District Court 

 for the District of Columbia 

 (No. 89cr00173-01)

 ---------

 Evelina J. Norwinski, Assistant Federal Public Defender, 
argued the cause as amicus curiae on behalf of appellant. 
With her on the briefs was A. J. Kramer, Federal Public 
Defender, appointed by the court.

 Raymond J. Powell, appearing pro se, was on the briefs for 
appellant.

 John R. Fisher, Assistant U.S. Attorney, argued the cause 
for appellee. With him on the brief was Wilma A. Lewis, 
U.S. Attorney.

 Before: Edwards, Chief Judge, Williams and Ginsburg, 
Circuit Judges.

 Opinion for the Court filed Per Curiam.

 Per Curiam: Raymond J. Powell, a federal prisoner, has 
requested that this court certify his second or successive 
motion under 28 U.S.C. s 2255 to the District Court. After 
consideration of Mr. Powell's motion, we have decided to stay 
our hand regarding Mr. Powell's request, because it is clear 
from the record that there are still issues regarding Mr. 
Powell's first s 2255 motion remaining to be addressed by the 
District Court. Since it is clear that Mr. Powell can obtain all 
the relief that he is due pursuant to his pending motions, we 
will leave it to the District Court to address these claims. 
Action by the District Court may make it unnecessary for this 
court to consider the issues here on appeal.

 On June 18, 1993, Mr. Powell filed his first s 2255 motion. 
Subsequently, on September 20, 1993, Mr. Powell filed a 
"Traverse to Respondent's Opposition for Motion to Vacate, 
Set Aside, or Modify Sentence, Pursuant to 28 USC 2255" as 
an addendum to his first s 2255 motion. Although the Dis-
trict Court denied Mr. Powell's first s 2255 motion by order 
on January 3, 1994, it has never addressed the claim ad-
vanced in the Traverse that, under the holding of United 
States v. Price, 990 F.2d 1367, 1369 (D.C. Cir. 1993), it was 
improper to use his state law conviction as a predicate offense 
when enhancing his sentence. Thus, Mr. Powell points out 
that the Price issue is still pending before the District Court. 
Mr. Powell also alleges that, as to the matters other than the 
Price issue, he never received the District Court's denial of 
his first motion. Moreover, on March 23, 1998, Mr. Powell 
filed a "Motion for Extraordinary Relief," seeking relief un-
der 28 U.S.C. ss 1651 and 2241 with the District Court 
arguing, inter alia, that his sentence was improper under 
Price, because his D.C. conviction was for an inchoate offense, 
the attempted distribution of PCP.

 In short, there are significant questions pending before the 
District Court regarding the application of Price to Mr. 

Powell's sentence. Government counsel does not dispute the 
pendency of these motions.

 In Price, this court held that only offenses specified in 28 
U.S.C. s 994(h) could count as predicate offenses. See 990 
F.2d at 1369-70. Accordingly, it was improper to apply 
career criminal enhancements to defendants convicted of 
aiding and abetting, attempting, or conspiring to commit 
those crimes. See id. at 1370. After this court's decision in 
Price, the Sentencing Commission amended U.S.S.G. s 4B1.1 
to include inchoate crimes. See U.S.S.G. s 4B1.1, comment. 
(backg'd.) (Nov. 1998); United States v. Seals, 130 F.3d 451, 
463 (D.C. Cir. 1997). However, because Powell was convicted 
before 1995, it is undisputed that his conviction for an incho-
ate offense should not have been used to qualify him as a 
career offender under s 4B1.1.

 As was made clear at oral argument in this case, the 
defendant is presently serving time beyond what is legally 
permissible. Mr. Powell was sentenced to 262 months; yet, 
under Price, Mr. Powell should have been sentenced to a 
maximum of 78 months. Thus, because Mr. Powell has 
served over 100 months in jail, he is now serving time far 
beyond that which is lawfully required. Even the Govern-
ment does not doubt that, under Price, Mr. Powell's position 
is compelling. Because Mr. Powell is faced with the possibili-
ty of serving at least ten more years in prison, and he has 
already served far more time than is legally required, we 
must afford the District Court the opportunity to address his 
pending claims.

 Finally, the parties acknowledge that Mr. Powell first cited 
Price in his Traverse, and there sought relief based only on 
one theory related to Price. However, because the District 
Court has not yet ruled on the Traverse or on the Motion for 
Extraordinary Relief, there is nothing preventing the trial 
judge from considering any claims cognizable under Price. 
In other words, in order to avoid a potential miscarriage of 
justice, the District Court surely is free to allow defendant's 
counsel to amplify Mr. Powell's original Price theory.

 So ordered.