**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1196
_____

JAMES L. THOMAS,
                              Appellant

v.

WARDEN, FEDERAL CORRECTIONAL INSTITUTION
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 13-cv-00162)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 12, 2014
Before:  RENDELL, FISHER and GREENAWAY, JR., Circuit Judges

(Opinion filed: June 30, 2014)
_____

OPINION
_____

PER CURIAM

        Pro se Appellant James L. Thomas is an inmate of the Federal Correctional

Institution in Loretto, Pennsylvania.  He appeals from an order of the United States

District Court for the Western District of Pennsylvania denying his habeas petition filed

pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will affirm the judgment of the District Court, though we modify the judgment to designate a dismissal, rather than a denial, of the habeas petition.

Thomas is serving a 400-month sentence for his 1993 federal conviction in the Southern District of Alabama on a charge of conspiracy to distribute crack cocaine (21 U.S.C. § 846). In 1997, after unsuccessfully pursuing a direct appeal, Thomas filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The sentencing court denied the motion in 2002, and the Eleventh Circuit denied a certificate of appealability. Thomas later filed additional unsuccessful motions for relief in the sentencing court, including a 2011 motion invoking Federal Rule of Civil Procedure 60(b) for relief from the § 2255 judgment, which the sentencing court denied as an unauthorized second or successive § 2255 motion. Also, in 2008 and 2012, Thomas filed motions pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence. In denying those motions, the sentencing court stated that Thomas was ineligible for sentencing relief in light of his having been sentenced under the career offender guideline, U.S.S.G. § 4B1.1.

Thomas then turned to the District Court and filed his § 2241 habeas petition, disputing that he was sentenced as a career offender. He asserted that, at the time of his sentencing, the career offender guideline did not apply to inchoate offenses such as his § 846 conspiracy conviction. In support, Thomas relied on United States v. Price, 990 F.2d 1367 (D.C. Cir. 1993). The assigned Magistrate Judge recommended that the District Court summarily deny the § 2241 habeas petition, stating that a § 2255 motion is

2

the presumptive means to obtain collateral relief from a federal conviction and sentence. Noting that Thomas's sentencing claims are among the types of errors typically remedied via § 2255, the Magistrate Judge found that Thomas cannot show that § 2255 provides an inadequate or ineffective remedy and thus cannot meet § 2255(e)'s exception for having his claims considered by way of a habeas petition. Accordingly, the Magistrate Judge concluded that the District Court could not consider the merits of Thomas's habeas petition. In addition, the Magistrate Judge noted that, even if it could consider Thomas's claims, neither this Court, nor the Eleventh Circuit, nor the Sentencing Commission follows the decision in Price, upon which his claim relies. (See Report and Recommendation at 5 (citing, inter alia, United States v. Hightower, 25 F.3d 182 (3d Cir. 1994)).) Thomas filed objections, again contesting that he ever was sentenced as a career offender, urging that his claim be heard in light of the split in circuit authority concerning the application of the career offender provision to his offense, and asserting that § 2241 is his only remaining available remedy.[1] The District Court rejected Thomas's objections as meritless, adopted the Magistrate Judge's recommendation, and denied Thomas's § 2241 habeas petition.

Thomas appeals. We have appellate jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and

---

[1] Thomas contended that § 2255 is no longer available to him, noting that he was not arguing a new "watershed" rule of criminal procedure nor any newly discovered evidence, which are the criteria for obtaining authorization for filing a second or successive § 2255 motion. See 28 U.S.C. § 2255(h).

apply a clearly erroneous standard to any factual findings. Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). The parties were notified that the appeal would be submitted for possible summary action pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6. Thomas has filed a response.

In his response, Thomas states he does not object to the disposition of his appeal by way of summary action in light of our controlling precedential decision in Hightower. We acknowledge Thomas's concession on the merits of his claim, but we need not reach the issue in concluding that summary affirmance is appropriate here. As stated by the Magistrate Judge, a § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Davis v. United States, 417 U.S. 333, 343 (1974); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A habeas petitioner can seek relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d at 249-51. A section 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255, Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief, Cradle, 290 F.3d at 539. Rather, as noted by the Magistrate Judge, § 2255's "safety valve" clause is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal

4

by an intervening change in law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251).

Thomas does not argue--and he has not shown--that such a circumstance exists in his case. Because Thomas's section 2241 habeas petition failed to satisfy § 2255(e)'s safety valve provision, we agree with the District Court's conclusion that it lacked authority under § 2241 to consider Thomas's claim. Accordingly, we will affirm the judgment of the District Court, but we modify the judgment to dismiss, rather than deny, Thomas's habeas petition. See Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir. 2002).