## TAYLOR v. UNITED STATES BOARD OF PAROLE.

## TAYLOR v. McGRATH, Attorney General of United States (two cases).

### Nos. 11108, 11109, 11153.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 3, 1951.

Decided Feb. 7, 1952.

Robert L. Heald, Washington, D. C. (appointed by this Court) for appellant.

Joseph M. Howard, Asst. U. S. Atty, Washington, D. C., for appellees. George Morris Fay, U. S. Atty. at the time the motion was filed, Charles M. Irelan, U. S. Atty. at the time of argument, and Joseph F. Goetten, Asst. U. S. Atty., all of Washington, D. C., also entered appearances on behalf of appellees.

Before EDGERTON, PROCTOR, and BAZELON, Circuit Judges.

PER CURIAM.

Motions have been made in behalf of appellees (defendants below) to affirm the judgments below upon the ground that each appeal is without merit. The attorney as-

signed by this court to represent appellant, a prisoner confined in the Medical Center for ,Federal Prisoners at Springfield, Missouri, also advises the court to like effect.

 In 11108 the complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure, 28 U.S.C. See opinion of this court in McCann v. Clark, 1951, 89 U.S.App.D.C. ——, 191 F.2d 476. Moreover, as the complaint apparently seeks a declaratory judgment concerning matters which do not present an actual controversy it clearly fails to state a· cause of action. 28 U.S.C. § 2201; Doehler Metal Furniture Co. v. Warren, 1942, 76 U.S.App.D.C. 60, 129 F.2d 43.

In 11109 complainant seeks by mandamus to obtain his transfer from the Medical Center ,at Springfield to an ordinary penal institution upon the ground that he was illegally transferred to the Center and is now illegally detained there. Mandamus will not lie. It cannot be used as a substitute for habeas corpus. McMurtrey v. Clark, 1946, 81 U.S.App.D.C. 294, 157 F.2d 703, certiorari denied, 1947, 329 U.S. 805, 67 S.Ct. 492, 91 L.Ed. 687. Nor will habeas corpus lie in the District of Columbia, for the complainant is not confined within the territorial jurisdiction of its courts. 28 U.S.C. § 2241; Ahrens v. Clark, 1948, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898; McAffee v. Clemmer, 1948, 84 U.S. App.D.C. 57, 171 F.2d 131, certiorari denied, 1949, 337 U.S. 932, 69 S.Ct. 1485, 93 L.Ed. 1739. Cf. Johnson v. Matthews, 86 U.S.App.D.C. 376, 381, 182 F.2d 677, 682, certiorari denied, 1950, 340 U.S. 828, 71 S.Ct. 65, 95 L.Ed. 608.

In 11153, complainant also seeks through injunction proceedings to test the validity of his detention at Springfield by attacking the constitutionality of the statute under which he was convicted and sentenced. However, his suit cannot be used as a substitute for appeal, nor to compel the Attorney General to exercise powers which do not belong to him. McMurtrey v. Clark, supra. Furthermore, the proper remedy, if any, is by way of habeas corpus or Title 28, § 2255, United States Code, which would not lie in this jurisdiction. McAffee v. Clemmer, supra. See Martin v. Hiatt, 5 Cir., 1949, 174 F.2d 350.

The motion to affirm is granted in each case.