Ronald Lewis **BOYER**, Plaintiff,

v.

**Richard P. CONABOY**, Chairman, United States Sentencing Commission, et al., Defendants.

No. CIV.A. 96–00222–CKK.

United States District Court, District of Columbia.

Nov. 5, 1997.

Ronald L. Boyer, Greenville, IL, pro se.

John M. Facciola, Assistant United States Attorney, U.S. Attorney's Office, Washington, DC, for Defendants.

## MEMORANDUM OPINION

KOLLAR-KOTELLY, District Judge.

Ronald Boyer, pro se, petitions the Court for a writ of mandamus to compel the United States Sentencing Commission ("Commission") to amend retroactively its guidelines to omit conspiracy as a predicate offense from the "career offender" enhancement provision. Pending before the Court are the Commission's Motion To Dismiss and Plaintiff's opposition thereto. Because Boyer's action attacks the legitimacy of his sentence and seeks a corresponding reduction in its terms, the Court holds that he must proceed exclusively by habeas corpus. *See* 28 U.S.C.A. § 2255 (West 1994 & Supp.1997); *Preiser v. Rodriguez,* 411 U.S. 475, 486–87, 93 S.Ct.

1827, 1834–35, 36 L.Ed.2d 439 (1973); *Chatman–Bey v. Thornburgh,* 864 F.2d 804, 808–09 (D.C.Cir.1988). Accordingly, Defendant's Motion To Dismiss is granted.

## I. BACKGROUND

In 1989, a federal grand jury returned a three-count indictment against Boyer, which charged him with two counts for distributing cocaine in excess of sixty-three grams and one count for conspiracy to possess more than five-hundred grams of cocaine.[1] The government dropped the first two counts after plea negotiations deteriorated. At trial, Judge William Stiehl presiding, a jury convicted Boyer of the conspiracy offense.

During sentencing, Boyer's prior convictions for three counts of armed robbery and one count of second-degree murder were considered two relevant prior convictions. Judge Stiehl aggregated these two prior convictions with the conspiracy-to-possess conviction to render Boyer a "career offender" under § 4B1.1 of the United States Sentencing Guidelines ("Guidelines"). Based on this calculus, the district court sentenced Boyer to 216 months in prison and a four-year term of supervised release.

The Seventh Circuit Court of Appeals affirmed Boyer's conviction, *see United States v. Boyer,* 931 F.2d 1201 (7th Cir.1991), and the Supreme Court denied certiorari, *see Boyer v. United States,* 502 U.S. 873, 112 S.Ct. 209, 116 L.Ed.2d 167 (1991). Boyer subsequently filed his first habeas corpus proceeding pursuant to 28 U.S.C. § 2255. In an unpublished opinion, the Seventh Circuit affirmed the district court's denial of Boyer's § 2255 motion. *See Boyer v. United States,* 989 F.2d 502 (7th Cir.1993) (text of opinion provided in Westlaw at 1993 WL 83488). Boyer then filed a second § 2255 motion, which asserted that the Commission unlawfully exceeded its delegated authority when it included conspiracy as a predicate offense to the Guidelines' career-offender enhancement provision. The impetus for Boyer's renewed habeas action was this Circuit's decision in *United States v. Price,* 990 F.2d 1367

---

1. A richer factual presentation of the events that precipitated Boyer's indictment appear in the Seventh Circuit's opinion that affirmed his con-

viction on direct appeal. *See United States v. Boyer,* 931 F.2d 1201 (7th Cir.), *cert. denied,* 502 U.S. 873, 112 S.Ct. 209, 116 L.Ed.2d 167 (1991).

(D.C.Cir.1993), which held that 28 U.S.C. § 994(h) did not authorize the Commission to classify an individual as a career offender based on a conspiracy conviction.[2] *See id.* at 1370. The Seventh Circuit once again affirmed the lower court's decision to deny Boyer's § 2255 motion; this time for his failure to raise the argument during his previous appeals. *See Boyer v. United States,* 55 F.3d 296, 300 (7th Cir.1995). The Supreme Court denied certiorari. *See Boyer v. United States,* —— U.S. ——, 116 S.Ct. 268, 133 L.Ed.2d 190 (1995).

Styled as a "Complaint Pursuant to 28 U.S.C. § 1331 for Declaratory and Injunctive Relief," Boyer filed his pro se Complaint in this Court on February 7, 1996. Although he omitted reference to it in his Complaint, Boyer has indicated in his Opposition to the Defendants' Motion To Dismiss that the Court should construe his Complaint as one seeking a writ of mandamus pursuant to 28 U.S.C. § 1361.

## II. DISCUSSION

This Court will not grant a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). At this stage in the litigation, "[t]he complaint must be liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged." *Schuler v. United States,* 617 F.2d 605, 608 (D.C.Cir.1979). Accordingly, the Court assumes that all factual allegations forwarded by the Complaint are true for purposes of adjudicating a motion to dismiss. *See Doe v.*

*United States Dep't of Justice,* 753 F.2d 1092, 1102 (D.C.Cir.1985).

Boyer's Complaint must be dismissed because, notwithstanding Plaintiff's novel and creative litigation strategy, his action sounds exclusively in habeas corpus. The Court will first reaffirm a principle that has unwaveringly governed federal-court practice for almost a quarter-century: that a prisoner who attacks the legality or duration of his sentence must proceed by habeas corpus. Second, the Court will refute Boyer's claim that his habeas remedy is sufficiently ineffective and inadequate to justify his present mandamus action.

A. *Prisoners mounting challenges to the legality of their sentences must proceed by 28 U.S.C. § 2255.*

In *Chatman–Bey v. Thornburgh,* 864 F.2d 804 (D.C.Cir.1988), this Circuit, sitting en banc, held that where "habeas is an available and potentially efficacious remedy, it is clear beyond reasonable dispute that mandamus will not appropriately lie." *Id.* at 806. This decision borrowed extensively from the logic and rationale of the Supreme Court's opinion in *Preiser v. Rodriguez,* 411 U.S. 475, 486–87, 93 S.Ct. 1827, 1834–35, 36 L.Ed.2d 439 (1973), which held that state prisoners who challenged the lawfulness of their confinement had to proceed in habeas. From *Preiser,* this Circuit extrapolated the following general rule of federal-court practice: "[A]s a matter of Congressional intent, prisoners mounting a challenge to the lawfulness of their custody are to proceed by means of habeas." *Chatman–Bey,* 864 F.2d at 809.

By contesting the Commission's authority to promulgate Guidelines that render conspiracy a predicate offense for the career-offender enhancement, Boyer is attacking the

---

**2.** In its decision, the *Price* court left open the possibility that the Commission might possess the authority to "re-adopt" conspiracy as a predicate offense pursuant to a different power. *See United States v. Price,* 990 F.2d 1367, 1370 (D.C.Cir.1993). In 1995, the Commission once again included conspiracy offenses under the career offender guideline by drawing upon its broader guideline promulgation authority in 28 U.S.C. § 994(a). Just recently, this Circuit tacitly recognized that the Commission's amendment cured its earlier defects. *See United States v. Gaviria,* 116 F.3d 1498, 1514 (D.C.Cir.1997) ("Because the career-offender provision was initially promulgated under a statute making no reference to drug conspiracy as a predicate crime for career-offender status, the provision was not lawfully applicable to drug conspiracy defendants—before or after *Price*—until the Sentencing Commission remedied its error in 1995.") (emphasis added).

legality of his sentence. Section 2255 explicitly provides a prisoner in federal custody with a remedy by which to test the legality of his sentence:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violations of the Constitution or laws of the United States ... or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. The *Preiser* doctrine, as refined in *Chatman–Bey,* compels Boyer to pursue his legal action through a § 2255 proceeding. To be sure, *Preiser* considered the exclusivity of habeas proceedings pursuant to § 2254, and *Chatman–Bey* examined § 2241. This is most assuredly a distinction without a difference. Congress adopted § 2255 as a pragmatic method of federal-court practice.[3] At its heart, § 2255 is essentially a modified habeas provision, and "[a]s a remedy, it is intended to be as broad as habeas corpus." *United States v. Hayman,* 342 U.S. 205, 217, 72 S.Ct. 263, 271, 96 L.Ed. 232 (1952). Absent some showing that a § 2255 motion is unavailable or inefficacious, "it is clear beyond reasonable dispute that mandamus will not appropriately lie." *Chatman–Bey,* 864 F.2d at 806. It is to this inquiry that the Court next turns.

B. *Plaintiff's § 2255 remedy is not inefficacious as to justify proceeding in mandamus.*

Boyer apparently concedes that he normally would be forced to litigate his present challenge before the sentencing court pursuant to § 2255. Yet seizing upon dicta in *Chatman–Bey,* he notes that "mandamus would potentially lie in the present case only if the complaint fell outside the reach of habeas (or if habeas was inefficacious)." *Chatman–Bey,* 864 F.2d at 806 n. 2. Boyer, however, fundamentally misconceives both the legal meaning of "inefficacious" and this Court's proper role in our federal-court system.

█ Stripped to its essence, Boyer's argument appeals to this Court to find as a matter of law that the Seventh Circuit erred when it held that his second § 2255 motion was procedurally barred. Specifically, Boyer alleges that until this Circuit's opinion in *United States v. Price,* 990 F.2d 1367 (D.C.Cir.1993), the argument that he attempted to assert in his second § 2255 proceeding was "novel," and therefore excused him from raising this point during his previous direct and collateral appeals. The Seventh Circuit, to the contrary, found that "Boyer's claim fail[ed] to overcome the threshold matter of retroactivity as set forth by the Supreme Court's decision in *Teague v. Lane* [489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)]." *Boyer v. United States,* 55 F.3d 296, 299 (7th Cir.), *cert. denied,* ──── U.S. ────, 116 S.Ct. 268, 133 L.Ed.2d 190 (1995).[4] Boyer now looks to this Court to announce a number of remarkable propositions: (1) that the Seventh Circuit improperly barred his second § 2255 motion; and (2) the Seventh Circuit's decision has

---

3. Two concerns primarily animated Congress when it enacted § 2255—each stemming from the centralization of federal correctional facilities and the Supreme Court's decision in *Ahrens v. Clark,* 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948) (holding that habeas corpus action must be brought in the district of the prisoner's confinement). First, a habeas corpus trial might occur hundreds of miles from the jurisdiction in which the trial was conducted and in which the relevant witnesses were located. Second, this system fostered significant disparities in the burdens that federal courts shouldered. Those courts that were situated in districts with federal prisons incurred an inordinate number of habeas petitions while courts sitting in jurisdictions that lacked federal prisons had few, if any, federal habeas matters. By directing the federal prison-

er to seek collateral relief in the sentencing court, Congress mitigated both concerns. *See generally United States v. Hayman,* 342 U.S. 205, 211–19, 72 S.Ct. 263, 268–72, 96 L.Ed. 232 (1952) (recounting legislative history and purpose of § 2255).

4. When Boyer filed his second § 2255 motion, the Seventh Circuit already had rejected this Circuit's opinion in *Price. See United States v. Damerville,* 27 F.3d 254, 257 (7th Cir.) (holding that Commission's decision to include conspiracy within its definition of "controlled substance offenses" was a valid exercise of its authority under 28 U.S.C. § 994(a)), *cert. denied,* 513 U.S. 972, 115 S.Ct. 445, 130 L.Ed.2d 355 (1994).

rendered his § 2255 remedy inefficacious to the point that this Court may properly issue a writ of mandamus to the Commission to amend its Guidelines.

■ Without intimating any opinion on the wisdom of the Seventh Circuit's conclusion, the Court simply balks at Boyer's invitation to turn the mechanics of the federal-court system on its head. Whatever quarrel Boyer has with the Seventh Circuit's understanding of the law, he must take it to the Supreme Court.[5] It is not the province of this Court to sit in judgment of the Seventh Circuit. Moreover, "[a] petitioner may not complain that the remedies provided him by [§ 2255] are inadequate merely because he was unsuccessful when he invoked them." *Wilson v. Office of the Chairperson*, 892 F.Supp. 277, 280 (D.D.C.1995). Indeed, the federal courts have been virtually unanimous that when a prisoner claims his § 2255 proceeding is inefficacious, "[l]ack of success in the sentencing court does not render his remedy inadequate or ineffective." *Boyden v. United States*, 463 F.2d 229, 230 (9th Cir.1972), *cert. denied*, 410 U.S. 912, 93 S.Ct. 974, 35 L.Ed.2d 274 (1973); *see also Litterio v. Parker*, 369 F.2d 395 (3d Cir.1966); *Cain v. Markley*, 347 F.2d 408 (7th Cir.1965); *Waugaman v. United States*, 331 F.2d 189 (5th Cir.1964); *Breaton v. United States*, 303 F.2d 557 (8th Cir.1962); *Hunt v. United States*, 301 F.2d 663 (4th Cir.1962). Here, Boyer equates his lack of success in the Seventh Circuit with an inefficacious remedy.

■ Furthermore, a proper reading of *Chatman–Bey* reveals that that Court narrowly conceived of such an exception when it held that mandamus will not lie when "habeas is an available and *potentially* efficacious remedy." *Chatman–Bey*, 864 F.2d at 806 (emphasis added). Here, Boyer's *first* § 2255 motion effectively offered him an opportunity to challenge the legality of his sentence. Yet he failed to present his argument to the sentencing court during his first pro-

ceeding, thereby rendering his second § 2255 motion "inefficacious" only by his own hand.

Finally, although it is not clear from Boyer's pleadings, he hints that the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub.L. No. 104–132, 110 Stat. 1214, renders his § 2255 remedy ineffective. As amended by the AEDPA, a federal prisoner seeking to file a successive § 2255 motion must first obtain certification from a three-judge panel of the appropriate court of appeals. *See* AEDPA, § 105, Pub.L. No. 104–132; *id.* § 106(b)(3). Congress has curtailed the discretion of the courts of appeals by limiting their authority to certify successive § 2255 motions only if they contain either new evidence that would prove the prisoner's innocence by clear and convincing evidence or "a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." *Id.* § 105. The court of appeals' determination is final, and "shall not be the subject of a petition for rehearing or for a writ of certiorari." *Id.* § 106(b)(3)(E).

These modifications to the availability of § 2255 do not transform the remedy into an inefficacious one. In holding that the AEDPA did not violate the Suspension Clause of the Constitution,[6] the Supreme Court reaffirmed that "judgments about the proper scope of the writ are 'normally for Congress to make.'" *Felker v. Turpin*, 518 U.S. 651, ——, 116 S.Ct. 2333, 2340, 135 L.Ed.2d 827 (1996) (quoting *Lonchar v. Thomas*, 517 U.S. 314, ——, 116 S.Ct. 1293, 1298, 134 L.Ed.2d 440 (1996)). Moreover, the Court noted that the congressional amendments more or less codified the traditional doctrine of "abuse of the writ." *See id.; McCleskey v. Zant*, 499 U.S. 467, 489, 111 S.Ct. 1454, 1467, 113 L.Ed.2d 517 (1991) ("[T]he doctrine of abuse of the writ refers to a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions."). The

---

5. Of course, as indicated previously, Boyer did in fact petition for a writ of certiorari, which the Supreme Court denied. *See Boyer v. United States*, —— U.S. ——, 116 S.Ct. 268, 133 L.Ed.2d 190 (1995).

6. Article I, § 9, cl. 2 provides that: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."

Court concluded that the "added restrictions that the Act places on second habeas petitions are well within the compass of this evolutionary process, and we hold that they do not amount to a 'suspension' of the writ contrary to Article I, § 9." *Felker*, 518 U.S. at ——, 116 S.Ct. at 2340.

Although *Felker* did not address whether the AEDPA rendered habeas corpus remedies ineffective, it seems clear that the Court's broad affirmation of Congress's power to structure the availability of the writ insulates the AEDPA from any argument that the Act has stripped habeas of its efficacy. Indeed, just as the Court noted that the AEDPA merely codified the evolving standards for "abuse of the writ," it is worth pausing to recognize that the pre-AEDPA version of § 2255 provided: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." 28 U.S.C. § 2255 (1994). Thus, even under the old rubric, Boyer would have no right to compel the sentencing court to adjudicate a duplicative motion. Accordingly, the Court finds that Boyer's § 2255 remedy is not ineffective or inefficacious as to permit his action to proceed in mandamus.

### III. CONCLUSION

For the foregoing reasons, the Court grants Defendant's Motion To Dismiss. An Order accompanies this Memorandum Opinion.

### ORDER

For the reasons expressed in the Court's accompanying Memorandum Opinion, it is, this 5 day of November 1997, hereby

**ORDERED** that Defendant's Motion To Dismiss is **GRANTED;** and it is

**FURTHER ORDERED** that any and all extant motions are hereby **MOOT;** and it is

**FURTHER ORDERED** that the above-captioned case is **DISMISSED WITH PREJUDICE** from the dockets of this Court.