William PRADELSKI, Petitioner,

v.

Kathleen HAWK–SAWYER and
Janet Reno, Respondents.

No. Civ.A. 99–00180 (CKK).

United States District Court,
District of Columbia.

Jan. 29, 1999.

William Pradelski, Marion, IL, pro se.

## MEMORANDUM OPINION

KOLLAR–KOTELLY, District Judge.

Petitioner William Pradelski, currently in the custody of the Bureau of Prisons in Marion, Illinois, is serving a 46–month sentence for having been convicted of one count of laundering drug proceeds in violation of 18 U.S.C. § 1956(a)(3)(B). *See* App. for Writ of Habeas Corpus at 8. Pursuant to 28 U.S.C. § 2241, Pradelski, *pro se,* has petitioned for a writ of habeas corpus in which he asserts that Congress exceeded its enumerated powers in enacting the Controlled Substances Act of 1970. Moreover, in a document entitled, "Affidavit: Certificate of Citizenship," Pradelski claims that he is not subject to federal jurisdiction.

Having reviewed Pradelski's Application for Writ of Habeas Corpus, the Court must either award the writ or order Respondent to show cause why the writ should not be granted, "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Because Petitioner's claims must be brought by a motion to vacate sentence under 28 U.S.C. § 2255, he is not entitled to the writ and the petition will be dismissed.

Section 2255 provides in pertinent part that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed *in violation of the Constitution* or laws of the United States, *or that the court was without jurisdiction to impose such sentence,* or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (emphasis added). Section 2255 therefore expressly encompasses both challenges to the jurisdiction of the federal court imposing sentence and attacks on the

constitutionality of a federal prisoner's conviction. Although not formally denominated as a writ of habeas corpus, "[a]t its heart, § 2255 is essentially a modified habeas provision, and 'as a remedy, it is intended to be as broad as habeas corpus.'" *Boyer v. Conaboy*, 983 F.Supp. 4, 7 (D.D.C.1997) (quoting *United States v. Hayman*, 342 U.S. 205, 217, 72 S.Ct. 263, 96 L.Ed. 232 (1952)). Yet while both § 2255 and a writ of habeas corpus authorize similar remedies, they boast important differences. Foremost among these is the federal court in which each action may be brought. In a habeas proceeding, the petitioner must file his action in a court that possesses jurisdiction over his custodian. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494–95, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Chatman–Bey v. Thornburgh*, 864 F.2d 804, 812 (D.C.Cir.1988) (en banc). When proceeding by § 2255, however, the federal prisoner must file his motion to vacate, set aside, or correct his sentence in "the court which imposed the sentence." 28 U.S.C. § 2255. Important concerns undergird this geographical distinction. When Congress enacted § 2255, it was attempting to mitigate two fundamental problems with federal habeas corpus—both of which stemmed from the centralization of federal correctional facilities:

> First, a habeas corpus trial might occur hundreds of miles from the jurisdiction in which the trial was conducted and in which the relevant witnesses were located. Second, this system fostered significant disparities in the burdens that federal courts shouldered. Those courts that were situated in districts with federal prisons incurred an inordinate number of habeas petitions while courts sitting in jurisdictions that lacked federal prisons had few, if any, federal habeas matters.

*Boyer*, 983 F.Supp. at 7 n. 3; *see also United States v. Hayman*, 342 U.S. 205, 211–19, 72 S.Ct. 263, 96 L.Ed. 232 (1952) (recounting legislative history and purpose of § 2255). With § 2255, Congress addressed both concerns "[b]y directing the federal prisoner to seek collateral relief in the sentencing court." *Id.*

Because of the important policies that § 2255 was intended to advance, Congress adopted additional measures to ensure that federal prisoners would not routinely bypass the statute's carefully-crafted provisions. Specifically, the last paragraph of § 2255 provides that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. § 2255], *shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him*, or that such court denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255 (emphasis added). Distilled to its essence, this provision prohibits a federal prisoner, who is attacking the constitutionality or legality of his conviction, from seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 if that prisoner has never sought relief pursuant to § 2255—with one exception discussed below. Accordingly, in *Taylor v. United States Board of Parole*, 194 F.2d 882, 883 (D.C.Cir.1952), the Court of Appeals for this Circuit specifically held that where the petitioner attacked the constitutionality of the statute under which he was convicted and sentenced, the proper remedy was by a motion filed under § 2255.

The general rule that a federal prisoner, who attacks the legality of his sentence or conviction, must first file a motion pursuant to § 2255 before petitioning for a writ of habeas corpus is qualified by one narrow exception. Only where the remedy afforded by § 2255 would be "inadequate or ineffective" may the federal prisoner proceed directly under habeas and avoid § 2255. It is the rare case, however, that a prisoner's sentencing court will offer an "inadequate or ineffective" forum in which to vindicate his putative constitutional rights.

Applying these principles to Pradelski's petition, the Court has no choice but to dismiss the action. First, by contesting the subject-matter jurisdiction of the trial court and by averring that Congress unconstitutionally enacted the Controlled Substances

Act of 1970, *see* App. for Writ of Habeas Corpus at 19, Pradelski plainly is attacking his conviction "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jur isdiction"—arguments that fall explicitly within the ambit of 28 U.S.C. § 2255. Second, though he pursued a direct appeal of his conviction, Pradelski has never before presented these claims to the sentencing court in a § 2255 motion. *See* App. for Writ of Habeas Corpus at 9. Therefore, because the claims that Pradelski presents in his Application for Writ of Habeas Corpus are cognizable under § 2255, coupled with his failure to have contested previously the legality of his conviction by way of § 2255, the Court may not entertain his petition—unless Pradelski can demonstrate that his § 2255 remedy would either be "inadequate or ineffective."

This he cannot do. Apparently importing the jurisdictional doctrines that govern habeas proceedings into the law of § 2255, Pradelski argues that "a 28 U.S.C. § 2255 motion is inadequate or ineffective due to the fact that currently both the custodian of the prisoner and the prisoner are outside of the geographical territorial jurisdiction of the original sentencing court." App. for Writ of Habeas Corpus at 38. To initiate a § 2255 motion, however, the sentencing court need not possess jurisdiction over the person of either the prisoner's custodian or the prisoner himself. Whether Pradelski and his custodian were located in Georgia, California, or anywhere in between, he may—indeed, must—file a § 2255 motion in the United States District Court for the Northern District of Illinois, the very court that sentenced him, before petitioning for a writ of habeas corpus on the grounds that he asserts. Having found no impediment, geographical or otherwise, that would render Pradelski's § 2255 motion in the sentencing court inadequate or ineffective, the Court must dismiss the Petition.