Brian DAVIS, Plaintiff,

v.

UNITED STATES SENTENCING
COMMISSION, Defendant.

Civil Action No. 11–1433 (UNA).

United States District Court,
District of Columbia.

Sept. 21, 2011.

Brian Davis, Bradford, PA, pro se.

*MEMORANDUM OPINION*

ROSEMARY M. COLLYER, District
Judge.

This matter is before the Court on its
initial review of plaintiff's *pro se* complaint
and application to proceed *in forma pau-
peris.* The application will be granted and
the complaint will be dismissed for lack of
subject matter jurisdiction. *See* Fed.
R.Civ.P. 12(h)(3) (requiring the court to
dismiss an action "at any time" it deter-
mines that subject matter jurisdiction is
wanting).

Plaintiff is a prisoner at the McKean
Federal Correctional Institution in Brad-
ford, Pennsylvania. He sues the United
States Sentencing Commission under the
Declaratory Judgment Act, 28 U.S.C.
§ 2201(a), and *Bivens v. Six Unknown
Named Agents of Federal Bureau of Nar-
cotics,* 403 U.S. 388, 91 S.Ct. 1999, 29
L.Ed.2d 619 (1971). Plaintiff challenges,
on equal protection grounds, the constitu-
tionality of the Sentencing Commission's
"policy statement barring relief of recent
guideline changes in crack cocaine sentenc-
ing to a specific group of . . . offenders . . .
[and] the ineligibility of a specific group of
crack cocaine offenders to benefit from the

Fair Sentencing Act...." Am. Compl. at 1, 4–5.

 The Sentencing Commission is "an independent commission in the judicial branch of the United States." 28 U.S.C. § 991(a). *Bivens* "recognized for the first time an implied private action for damages against federal officers [in their personal capacity] alleged to have violated a citizen's constitutional rights." *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001). Under *Bivens*, "it is damages or nothing." *Davis v. Passman*, 442 U.S. 228, 245, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979) (citation and internal quotation marks omitted); *accord Simpkins v. District of Columbia Government*, 108 F.3d 366, 369 (D.C.Cir. 1997) (*"Bivens* actions are for damages," the payment of which a losing defendant is personally responsible). Plaintiff has not sued any individuals, and he does not seek monetary damages. Therefore, his purported *Bivens* claim "constitute[s] the sort of patently insubstantial claim[ ]" that is subject to dismissal for want of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C.Cir.2009); *see Caldwell v. Kagan*, 777 F.Supp.2d 177, 178 (D.D.C.2011) ("A district court lacks subject matter jurisdiction when the complaint 'is patently insubstantial, presenting no federal question suitable for decision.' ") (*quoting Tooley*, 586 F.3d at 1009).

 In addition, the Court lacks jurisdiction to entertain an action for a declaratory judgment when, as here, an adequate remedy is available by petitioning the sentencing court for a writ of habeas corpus. *Rooney v. Sec'y of Army*, 405 F.3d 1029, 1031 (D.C.Cir.2005) (citing *LoBue v. Christopher*, 82 F.3d 1081, 1082 (D.C.Cir.1996)); *see Taylor v. United States Board of Parole*, 194 F.2d 882, 883 (D.C.Cir.1952) (attack on the constitutionality of the statute under which defendant was sentenced is properly pursued by motion under 28 U.S.C. § 2255). Because plaintiff was sentenced by the United States District Court for the Northern District of Texas, Am. Compl. at 5, this Court would lack jurisdiction over his habeas petition. A separate Order of dismissal accompanies this Memorandum Opinion.