# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

KEITH JUDD,                          )
                                     )
            Petitioner,              )
                                     )
     v.                              )          Civil Action No. 13-1505 (BAH)
                                     )
KEITH THOMPSON,                      )
                                     )
            Respondent.              )


## MEMORANDUM OPINION


This matter is before the Court on Keith Russell Judd's Petition for a Writ of Habeas Corpus. The respondent, Keith Thompson, is Petitioner's probation officer. *See* Pet. at 3 (page numbers designated by Petitioner). Petitioner claims that there has been no criminal conviction in his case. *See id*. ¶¶ 1-2 (paragraph numbers designated by Petitioner). Nevertheless, Petitioner has been released from prison, *see id.* ¶ 7, has begun to serve a term of supervised release, *id.* ¶ 8, and currently resides in Midland, Texas. Petitioner argues that because "the district court never regained jurisdiction for trial or sentencing," the court now has no jurisdiction to modify the terms and conditions of his supervised release. *Id*. Petitioner "asks this Court to issue a Writ of Habeas Corpus and require Respondent to prove his authority and jurisdiction for a term of supervised release conditions of custody." *Id.* at 3.

A challenge to the petitioner's conviction or sentence must be made in the sentencing court under 28 U.S.C. § 2255, *see Pradelski v. Hawk-Sawyer*, 36 F. Supp. 2d 1, 1-2 (D.D.C. 1999), and "only thereafter, and if the prisoner can show that the remedy under § 2255 is inadequate or ineffective, [may] the challenge . . . be brought under 28 U.S.C. § 2241 as a

petition for a writ of habeas corpus lodged in the district court that has personal jurisdiction over the prisoner's immediate custodian." *Twitty v. Holder*, No. 10-0174, 2010 WL 364343, at *1 (D.D.C. Jan. 29, 2010) (citations omitted). The sentencing court in this case is in the United States District Court for the Western District of Texas, and Petitioner is currently under supervised release in Midland, Texas. Thus, this Court simply cannot grant the relief Petitioner seeks, as it is neither the sentencing court nor the district in which the Petitioner's current custodian is located. *See Judd v. United States*, No. 7:05-CV-00305, 2005 WL 1205812, at *1 (W.D. Va. May 19, 2005) ("As petitioner was not convicted in this court and is not incarcerated within the jurisdiction of this court, the court has no jurisdiction to address any habeas petition challenging the validity of petitioner's conviction, whether pursuant to 28 U.S.C. § 2255 or 28 U.S.C. § 2241.").

Accordingly, the Court will dismiss the petition. An Order accompanies this Memorandum Opinion.

DATE: October 15, 2013    /s/ *Beryl A. Howell*

BERYL A. HOWELL
United States District Judge