# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

KEITH JUDD, )
            )
           Petitioner, )
            )
           v. )           Civil Action No. 13-1504 (BAH)
            )
JAVIER GONZALES, *et al.*, )
            )
           Respondents. )

## MEMORANDUM OPINION

"Keith Judd was found guilty by a jury of two counts of mailing a threatening communication with the intent to extort money or something of value," and thereafter "was sentenced to 210 months' imprisonment, three years of supervised release, restitution to the victim in the amount of $20,000, and a special assessment of $200." *United States v. Judd*, 252 F.3d 435 (5th Cir. 2001) (per curiam). Nevertheless, the petitioner claims that "there is no conviction in this case, because the district court never regained jurisdiction for trial or sentencing," such that the United States Probation Office "lacks any authority" with respect to the supervised release term he now is serving. Pet. at 2.[1] Petitioner "asks this Court to issue a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241." *Id.* at 1.

A challenge to the petitioner's conviction or sentence must be made in the sentencing court under 28 U.S.C. § 2255. *See Pradelski v. Hawk-Sawyer*, 36 F. Supp. 2d 1, 1-2 (D.D.C. 1999) ("Section 2255 therefore expressly encompasses both challenges to the jurisdiction of the federal court imposing

---

[1] Ordinarily, habeas relief is available to a petitioner who is "in custody," and to meet the "in custody" requirement, a petitioner must have been in custody at the time the habeas petition was filed. *Banks v. Gonzales*, 496 F. Supp. 2d 146, 149 (D.D.C. 2007) (citations omitted). He need not be incarcerated "so long as there were 'significant restrictions' placed on [his] liberty," *id.* (citing *Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist., Santa Clara Cnty., Cal.*, 411 U.S. 349, 349 (1973), such that a petitioner "who is on parole, probation, supervised release, or released on bail is deemed to be 'in custody' for habeas purposes." *Id.* (citations omitted).

sentence and attacks on the constitutionality of a federal prisoner's conviction."). "[O]nly thereafter, and if the prisoner can show that the remedy under § 2255 is inadequate or ineffective, [may] the challenge . . . be brought under 28 U.S.C. § 2241 as a petition for a writ of habeas corpus lodged in the district court that has personal jurisdiction over the prisoner's immediate custodian." *Twitty v. Holder*, No. 10-0174, 2010 WL 364343, at *1 (D.D.C. Jan. 29, 2010) (citing 28 U.S.C. § 2255 and *Wilson v. Office of Chairperson, Dist. of Columbia Bd. of Parole,* 892 F. Supp. 277, 279 (D.D.C. 1995)). "Even when a 28 U.S.C. § 2241 habeas is available to a federal prisoner, he must seek the writ in the district where his custodian is found." *Tennille v. Ashcroft*, No. 02-5256, 2002 WL 31108723, at *1 (D.C. Cir. Sept. 20, 2002) (per curiam) (citation omitted).

This is neither the sentencing court nor the district in which the petitioner's current custodian is located. This Court is without authority to grant the relief requested. *See Judd v. United States*, No. 7:05-CV-00305, 2005 WL 1205812, at *1 (W.D. Va. May 19, 2005) ("As petitioner was not convicted in this court and is not incarcerated within the jurisdiction of this court, the court has no jurisdiction to address any habeas petition challenging the validity of petitioner's conviction, whether pursuant to 28 U.S.C. § 2255 or 28 U.S.C. § 2241."). Accordingly, the Court will dismiss the petition.

An Order accompanies this Memorandum Opinion.


DATE: October 15, 2013                    /s/ *Beryl A. Howell*
                                          BERYL A. HOWELL
                                          United States District Judge