**FILED**

**MAY - 8 2015**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

Eugenio Villa,                                     )
                                                   )
                    Plaintiff,                     )
                                                   )
        v.                                         )          Civil Action No. 15-0462 (UNA)
                                                   )
The Office of the Attorney General *et al.*,       )
                                                   )
                    Defendants.                    )

## MEMORANDUM OPINION

This matter is before the Court on review of this *pro se* action captioned "Civil Complaint Pursuant to 28 U.S.C. § 1331, for Declaratory, Injunctive, or Prospective Relief" and plaintiff's application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff is a prisoner at the Federal Correctional Complex in Adelanto, California. He is serving a mandatory life sentence imposed by the United States District Court for the Western District of Texas on his conviction for "Conspiracy to Possess With Intent to Distribute More than 500 Grams of Methamphetamine [and] Money Laundering Conspiracy." Compl. at 2. Generally, plaintiff demands declaratory and injunctive relief for alleged violations of rights protected under the Fifth and Sixth Amendments to the United States Constitution because the prosecutors in the underlying criminal case made improper references to his ethnicity. *See id.* at 2-5.

1

"[I]t is well-settled that a [person] seeking relief from his conviction or sentence may not bring [actions for injunctive and declaratory relief]." *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (per curiam) (citations omitted). Rather, such relief is available via a motion to vacate sentence under 28 U.S.C. § 2255. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that a motion to vacate under 28 U.S.C. § 2255 is the proper vehicle for challenging the constitutionality of a statute under which a defendant is convicted); *Ojo v. Immigration & Naturalization Serv.* 106 F.3d 680, 683 (5th Cir. 1997) (explaining that the sentencing court is the only court with jurisdiction to hear a defendant's complaint regarding errors that occurred before or during sentencing). Once a § 2255 motion has been adjudicated on the merits, as appears to be the case here, a subsequent motion for habeas relief must be presented to the appropriate court of appeals (here the Seventh Circuit) for permission to proceed in the sentencing court. 28 U.S.C. § 2244 (b)(3)(A). Plaintiff has stated no claim for relief in this court. A separate order of dismissal accompanies this Memorandum Opinion.

_____
United States District Judge

Date: April 1, 2015