## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Clyde Hall,                          :
                                     :
              Petitioner,            :
      v.                             :          Civil Action No. 16-0473 (APM)
                                     :
Loretta  Lynch.                      :
                                     :
              Respondent.            :


## MEMORANDUM OPINION

Petitioner Clyde Hall is a federal prisoner incarcerated at the Federal Correctional Institution in Loretto, Pennsylvania.  In this action captioned "Habeas Corpus Petition, Under Federal Rules of Civil Procedure, Rule 81(a)(4)," Petitioner states that he pled guilty in the U.S. District Court for the Southern District of New York to one count of conspiracy to commit wire fraud, three counts of wire fraud, and one count of conspiracy to commit bankruptcy fraud. Pet. ¶ 2.  He was sentenced in October 2010 to a prison term of 240 months, followed by three years of supervised release.  *Id.*  Petitioner essentially challenges the jurisdiction not only of the sentencing court but of all "courts of the United States," which he contends "were created by legislature and only have jurisdiction over the ten miles square of the District of Columbia, its territories and possessions[.]"  *Id.* ¶ 5.

As a general rule applicable here, "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground . . . that the court was without jurisdiction to impose such sentence . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  In addition, a court may not entertain an application for a writ of habeas corpus brought "on behalf of a prisoner who

is authorized to apply for [such] relief . . . if it appears that the applicant has failed to apply for relief" in the sentencing court, "or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."[1] *Id.* § 2255(e). This Court is not the sentencing court and thus lacks jurisdiction over the instant petition. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (concluding that the "proper remedy [to challenge constitutionality of a conviction] is by way of habeas corpus of Title 28 Sec. 2255, United States Code"); *Ojo v. Immigration & Naturalization Serv.* 106 F.3d 680, 683 (5th Cir. 1997) (explaining that the sentencing court is the only court with jurisdiction to hear a defendant's complaint regarding errors that occurred before or during sentencing). A separate order accompanies this memorandum opinion.

Dated: April 18, 2016

Amit P. Mehta
United States District Judge

---

[1] Notwithstanding the savings clause in § 2255, the district courts may grant writs of habeas corpus only "within their respective jurisdictions." 28 U.S.C. § 2241(a). And "the limiting [respective jurisdiction] language in the habeas statute . . . means a district court may issue the writ only to one who is within its district." *Stokes v. U.S. Parole Com'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004)); *see In re Smith*, 285 F.3d 6, 8 (D.C. Cir. 2002) (noting that under § 2255's savings clause, "Smith may . . . file a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district in which he is confined"). Thus, in order for this Court to exercise habeas jurisdiction under the savings clause, Petitioner must be confined in the District of Columbia, which he is not.