UNITED STATES DISTRICT COURT

**FILED**

**OCT 29 2019**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

JOEL GRIFFIN,                              )
                                          )
      Petitioner,                       )
                                          )
v.                                        )    Civil Action No. 1:19-cv-02791 (UNA)
                                          )
PRESIDING UNITED STATES                   )
ATTORNEY GENERAL,                         )
                                          )
      Respondent.                       )

## MEMORANDUM OPINION

This matter is before the court on its initial review of Joel Griffin's ("petitioner's") petition for writ of habeas corpus and application for leave to proceed *in forma pauperis*. Petitioner is incarcerated at the U.S. Penitentiary located in Coleman, Florida. He was convicted and sentenced in the United States District Court for the Southern District of Florida. *See United States v. Griffin*, No. 0:12-cr-60005-DMM-1 (S.D. Fla. filed Jan. 5, 2012).

Petitioner explicitly challenges his arrest, transfer and commitment to the Southern District of Florida for trial, and his subsequent conviction, arguing that the Federal Bureau of Investigation and federal prosecutor violated his due process rights during the aforementioned proceedings. He requests that the court vacate his conviction and order his immediate release.

To the extent that a remedy is available to petitioner, his claim must be addressed to the sentencing court in a motion under 28 U.S.C. § 2255. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952); *Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997). Section 2255 provides that:

> [a] prisoner in custody under sentence of a court established by Act
> of Congress claiming the right to be released upon the ground that
> the sentence was imposed in violation of the Constitution or laws of

1



the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Therefore, petitioner has no recourse in this court, and the petition will be dismissed. *Id.*

A separate order accompanies this memorandum opinion.

Date: October __, 2019

CHRISTOPHER R. COOPER
United States District Judge