# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ERIC BARTOLI,      )
     )
     Plaintiff,      )
     )
     v.      )      Civil Action No. 1:24-cv-01712 (UNA)
     )
UNITED STATES OF AMERICA,      )
     )
     )
     Defendant.      )

## MEMORANDUM OPINION

Plaintiff, a federal prisoner proceeding *pro se*, initiated this case on June 7, 2024, by filing a *pro se* motion ("Mot."), ECF No. 1, challenging the constitutionality of a statute, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2.  He failed, however, to submit a certified copy of his six-month trust fund accounting, *see* Order, ECF No. 3 (citing 28 U.S.C. § 1915(a)(2)).  On July 12, 2024, the Court reviewed this matter and provided Plaintiff with a 30-day extension to submit either his full certified trust fund account statement or, alternatively, the $405 filing fee applicable to non-IFP civil cases.  *See id*. at 2.   Plaintiff has since complied with the Court's order by filing his full trust accounting, ECF No. 5, and a second IFP application, ECF No. 4.  The Court thus grants Plaintiff leave to proceed IFP.  Notwithstanding, for the reasons explained below, this matter must be dismissed without prejudice.

As noted, Plaintiff's operative submission is a motion challenging the constitutionality of the statute under which he was extradited as a long-term fugitive from Peru, and ultimately convicted and sentenced in October 2003 by the United States District Court for the Northern District of Ohio.  *See generally* Mot.; *see also United States v. Bartoli*, No. 5:03-cr-00387-JRA-1 (N.D. Ohio filed Oct. 9, 2003), at ECF No. 34 (Plea Agreement entered Jul. 13, 2016); *id.* at ECF

No. 42 (Minutes of Sentencing Proceedings, entered Nov. 9, 2016). More specifically, Plaintiff alleges that the language of the "Treaty of Extradition between the United States and the Republic of Peru," violates the Ex Post Facto Clause. *See* Mot. at 1, 4–8. As a result, he asks that this Court "vacate the sentence and conviction, dismiss the charges against him with prejudice, and order his immediate release." *See id.* at 8.

First, Plaintiff attempted to open a civil matter by filing a motion without a complaint, which he may not do. *See* Fed. R. Civ. P. 3; *In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1069 n.9 (D.C. Cir. 1998) (noting that a civil action "must be initiated by complaint and not by motion") (citing Fed. R. Civ. P. 3); *see also Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("A party commences a civil action by filing a complaint . . . [and] [w]hen no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's petition for injunctive relief.") (citing Fed. R. Civ. P. 3).

Second, even construing Plaintiff's motion as a complaint, this matter cannot survive. Plaintiff's challenge to the extradition treaty is a thinly veiled attempt to contest his own conviction and sentence, which is an improper collateral attack. A lawsuit is considered a collateral attack "if, in some fashion, it would overrule a previous judgment[,]" *Stone v. HUD*, 859 F. Supp. 2d 59, 64 (D.D.C. 2012) (quoting *37 Associates, Tr. for the 37 Forrester St., SW Trust v. REO Const. Consultants, Inc.*, 409 F. Supp. 2d 10, 14 (D.D.C. 2006)), and "questions the validity of a judgment or order in a separate proceeding that is not intended to obtain relief from the judgment[,]" *37 Associates v. REO Constr. Consults., Inc.*, 409 F. Supp. 2d 10, 14 (D.D.C. 2006) (quoting *In re Am. Basketball League, Inc.*, 317 B.R. 121, 128 (2004)).

The instant matter falls squarely into this category. Plaintiff must seek the relief sought by either filing direct appeal or a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 in

the Northern District of Ohio. *See Taylor v. United States Board of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (holding that an attack on the constitutionality of the statute under which the defendant was convicted and sentenced could not "be used as a substitute for appeal, nor to compel" the federal goverment "to exercise powers" outside of its purview, and noting that plaintiff's claims must be raised through 28 U.S.C. § 2255); *see also Siraj v. U.S. Sentencing Comm'n*, No. 19-cv-03375, 2021 WL 1061701, at \*6 (D.D.C. Mar, 18, 2021) ("Because this action attacks, albeit circuitously, the legitimacy of petitioners' sentences, and would result in reduction in their terms, petitioners must proceed in their sentencing courts pursuant to 28 U.S.C.A. § 2255.") (citing *Davis v. U.S. Sentencing Comm'n*, 716 F.3d 660, 666 (D.C. Cir. 2013); *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

Indeed, Plaintiff is aware of the available avenue of habeas corpus because, per his own admission, he recently filed a concomitant § 2255 petition and direct appeal of his first resentencing, which has since been reviewed in part by the Sixth Circuit, and on August 14, 2023, remanded to the Northern District of Ohio for Plaintiff's second resentencing. *See* Mot. at 3; *see also United States v. Bartoli*, No. 21-4045, 2023 WL 5206446, at \*8 (6th Cir. Aug. 14, 2023), *cert. denied*, 144 S. Ct. 605 (2024). To that same end, this Court lacks subject-matter jurisdiction to review or interfere with the decisions of other federal courts. *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) (finding it "axiomatic" that a federal court may order judges or officers of another federal court "to take an action"), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District*

*of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994).

Insofar as Plaintiff is dissatisfied with the outcome of his § 2255 petition, he "may not complain that the remedies provided him by [§ 2255] [were] inadequate merely because he was unsuccessful when he invoked them." *Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995); *see also Boyer v. Conaboy*, 983 F. Supp. 4, 7 (D.D.C. 1997) (holding same and noting that "federal courts have been virtually unanimous that when a prisoner claims his § 2255 proceeding is inefficacious, '[l]ack of success in the sentencing court does not render his remedy inadequate or ineffective'") (collecting cases) (quoting *Boyden v. United States*, 463 F.2d 229, 230 (9th Cir. 1972)). Nor would this District be the appropriate place to raise such concerns; such is the province of the Northern District of Ohio, the Sixth Circuit, and thereafter, the Supreme Court. *See* 28 U.S.C. § 2255(a). In other words, Plaintiff may not have a second bite at the apple in a new jurisdiction under the auspices of different legal authority. *See id*.

For all these reasons, this matter is dismissed without prejudice. An Order consistent with this Memorandum Opinion is issued separately.

Date: November 20, 2024

/s/_____
ANA C. REYES
United States District Judge